[Cite as *State v. Straley*, 2014-Ohio-5110.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA30 |
| v. | : | |
| | : | DECISION AND |
| GREGORY S. STRALEY, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 11/14/2014 |

_____

APPEARANCES:

Gregory S. Straley, pro se Appellant

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee

_____

Hoover, J.:

{¶ 1} Appellant Gregory Straley appeals a judgment from the Highland County Court of Common Pleas that corrected his sex offender classification. In *State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334 (hereinafter "*Straley II*"), we had remanded the case to the trial court to resentence Straley under the correct sex offender classification scheme on three of his previously convicted offenses. The trial court held a hearing on the sole issue of the sex offender classifications; after the hearing, the trial court filed a corresponding entry, which is now the subject of this appeal. Straley presents four assignments of error for our review.

{¶ 2} The partial history of this case was set forth in *Straley II*:

On January 9, 2009, appellant [Straley] entered a plea of guilty to two counts of gross sexual imposition, third degree felonies, in violation of R.C. 2907.05(A)(4), three counts sexual battery, second degree felonies, in violation of R.C. 2907.03(A)(5), two counts of gross sexual imposition, fourth degree

felonies, in violation of R.C. 2907.05(A)(1), and one count sexual battery, a third

degree felony, in violation of R.C. 2907.03(A)(5).  At the sentencing hearing, the

trial court classified appellant as a Tier III sex offender and sentenced him to

thirty-five years and ten months in prison.  The judgment entry of confinement of

January 9, 2009 did not specify appellant's sex offender classification.  The

appellant filed a direct appeal of his conviction and sentence to this court on

February 6, 2009.  We affirmed appellant's convictions in *State v. Straley*, 4th

Dist. No. 09CA4, 2009-Ohio-6170 [*Straley I*].

On January 30, 2012, appellant filed a "Motion to Correct Registration

and Classification Scheme," asking the court to resentence him under proper

sentencing guidelines.  Appellant relied upon the Ohio Supreme Court's ruling in

*State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which

found that S.B. 10, based on the federal Adam Walsh Act, violated the Ohio

Constitution with respect to sex offenders who committed offenses prior to its

enactment.

The trial court vacated appellant's classification and registration reporting

requirements as a Tier III sex offender as to counts one, two, five, six, and seven

of the indictment to which he had pleaded guilty.  The trial court overruled

appellant's motion as to the remaining counts eight, nine, and twelve because it

reasoned that the criminal conduct occurred between May 1, 2007 and February

10, 2008.[1]

---

[1] The indictment alleges that "[b]eginning on May 1, 2007 and continuing through February 10, 2008" the defendant engaged in various forms of criminal conduct.

{¶ 3}    Although at the original sentencing hearing, the trial court did notify Straley that he would be classified as a Tier III sex offender under Ohio's Adam Walsh Act (hereinafter "AWA"), the original judgment entry of confinement dated January 9, 2009 did not include a statement as to Straley's sex offender classification. The trial court issued a nunc pro tunc judgment entry of confinement on March 22, 2012 which attempted to correct the omission of the sex offender classification; however, the nunc pro tunc judgment entry of confinement incorrectly listed Straley as a Tier I sex offender. Therefore, although the trial court had attempted to correct the clerical error with the nunc pro tunc judgment entry of confinement, an error in the actual classification remained.

{¶ 4} Straley presented three arguments to this Court in *Straley II*. First, he argued that the trial court erred by classifying him under Ohio's AWA sex offender classification scheme. Second, he argued that the trial court failed to inform him under Crim.R. 11 about the two different sex offender classification schemes set forth in Ohio's AWA and Ohio's Megan's Law. Straley argued, he would not have pleaded guilty if he had been advised of the additional burdens of the AWA. Lastly, Straley claimed that the trial court's nunc pro tunc entry improperly changed his classification from a Tier III sex offender to a Tier I sex offender.

{¶ 5} We recognized the error in the original judgment entry of confinement, as well as the failure of the nunc pro tunc judgment entry of confinement to correct it. *Straley II* at ¶ 17. Straley was orally classified as a Tier III sex offender at his original sentencing hearing; however, the original sentencing entry omitted the classification.  In order for the record to be clear and correct, we remanded the case to the trial court for a new sentencing hearing on counts 8, 9, and 12 to be followed by a proper journal entry. We ordered the trial court to classify Straley as a Tier I sex offender for Counts 8 and 9, and a Tier III sex offender for Count 12.

{¶ 6} Upon remand, during the hearing to reclassify Straley, the trial court stated: "***[T]he Court finds that you're a Tier I Sex Offender, Child Victim registrant as to Counts 8 and 9 for violation for ORC 2907.05al the Gross Sexual Imposition and as to ORC2907.03a5 Count 12, the Sexual Battery you are a Tier III Sex Offender, Child Victim offender registrant."

{¶ 7} The corresponding "Judgment Entry Amending Sexual Offender Classification" which was time stamped on August 28, 2013, accurately states that Straley is classified as a Tier I sex offender for Counts 8 and 9, and a Tier III sex offender for Count 12. The entry includes a statement regarding Straley's convictions, but does not explicitly set forth the prison terms Straley was previously ordered to serve. However, the last paragraph of the entry states: "All other provisions of the Court's sentencing entry filed January 9, 2009 are unaffected by this order and remain in full force and effect. IT IS SO ORDERED." Straley now appeals the "Judgment Entry Amending Sexual Offender Classification." Straley presents three assignments of error.

Appellant's First Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED
> TO PROPERLY SENTENCE THE APPELLANT IN ACCORDANCE WITH
> ESTABLISHED LAW AND THE REQUIREMENTS OF CRIM. R. 32(C)

{¶ 8} In his first assignment of error, Straley argues that he has never received a valid judgment of conviction. He also argues that the trial court failed to follow the direction of this Court on remand. Straley contends that the entry of August 28, 2013 is an amended entry and does not comply with the one document rule articulated by the Ohio Supreme Court in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Straley contends that at no time

has this Court vacated the 2012 nunc pro tunc entry and reinstated the 2009 original judgment of conviction.

{¶ 9} Here, Straley appealed the underlying convictions and the respective sentences which were affirmed by this Court. *State v. Straley,* 4th Dist. No. 09CA4, 2009-Ohio-6170 [*Straley I*]. The hearing to correct the classifications and the corresponding entry of August 28, 2013 resulted from a remand from this Court in *Straley II.*

{¶ 10} Sexual offender classifications are civil in nature, *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus, and thus constitute separate proceedings when not coupled with an initial conviction and sentence. *State v. Garabrandt*, 6th Dist. Lucas No. L-06-1400, 2008-Ohio-4128. The sexual offender classification proceedings are separate and distinct from the criminal conviction and sentence. See, *State ex rel. Culgan v. Collier,* 132 Ohio St.3d 394, 2012-Ohio-2916, ¶1 and *State v. Gibson,* 2nd Dist. Champaign No. 2009CA47, 2010-Ohio-3447, ¶ 25 (appeal from sex-offender classification is legally distinct from an appeal from the underlying sentence).

{¶ 11} As a result, Straley's argument that the "one document rule" was violated by the trial court fails. The analysis of *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 does not apply to the facts of this case. Likewise, Crim. R. 32 also does not apply since the sexual offender classification proceedings are separate and distinct from the sentence.

{¶ 12} Straley further argues that he has never received a sentencing entry, which includes the proper classifications as a Tier I and a Tier III sex offender in accordance with R.C. 2929.19(B)(3)(a). *See State v. Baker*, 4th Dist. No. 11CA5, 2012-Ohio-1085, ¶ 14 (A sentencing judgment must state a defendant's sex offender classification). However, the August 28, 2013 entry from the classification hearing upon remand did correctly set forth the classifications. In

addition, at the hearing, the trial court reiterated Straley's prison sentence as thirty-five years and ten months. The trial court informed Straley that he would be resentenced not for the entire case but only as to the classification. The entry also incorporated by reference the original prison sentences set forth in the 2009 judgment entry. The August 28, 2013 entry reclassifying Straley is a separate final appealable order and a judgment that satisfies both R.C. 2505.02(B)(2) and Civ. R. 54(A). It need not be part of the criminal judgment of conviction.

{¶ 13} Accordingly, Straley's first assignment of error is overruled.

Appellant's Second Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS IT
>
> FAILED TO SENTENCE APPELLANT PURSUANT TO THE 2007 VERSION
>
> OF R.C. 2950.

{¶ 14} In his second assignment of error, Straley asserts that the trial court failed to apply the statutorily mandated sex offender registration requirements under Megan's Law for the offenses that were committed prior to the enactment of the AWA. Straley contends that the trial court was required to hold a sexual predator determination hearing pursuant to Megan's Law for Counts 1, 2, 5, 6, and 7. The criminal activity associated with these counts occurred before the effective date of the AWA.

{¶ 15} Straley's argument essentially challenges the trial court's 2012 decision to vacate Straley's classification and registration requirements for these counts. That decision was appealed in *Straley II*. Straley contends that where a trial court fails to apply a statutorily mandated term of sentence, the pursuing sentence is void and not precluded from review by the doctrine of res judicata.

{¶ 16} We note, briefly, the history of litigation involving Ohio's former Megan's Law and the current AWA. In *Straley II*, we stated:

Ohio's current sex offender registration requirements are codified in R.C. Chapter 2950. The current classification system was enacted by S.B. 10, Ohio's version of the federal Adam Walsh Act. Before enactment of S.B. 10 (Ohio's Adam Walsh Act), Ohio's "Megan's Law" governed classification of sex offender requirements. Ohio's Megan's Law subjected a sex offender to registration requirements based upon his adjudication as a sexually oriented offender, habitual sex offender, or sexual predator. *State v. Lawson,* 1st Dist. Nos. C–120077 & C–120067, 2012–Ohio–5281, ¶ 10. The General Assembly replaced Ohio's Megan Law with S.B. 10. *Id.* at ¶ 11. Under S.B. 10, which became effective January 1, 2008, a sex offender is classified under a three-tiered structure automatically based upon the offense convicted. [The] classification determines [the] registration requirements; and those requirements are more onerous than those provided for under Megan's Law. *Id.*

The Supreme Court of Ohio has held that S.B.10 or Ohio's Adam Walsh Act, "as applied to defendants who committed sex offenses prior to its enactment violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." State v. Williams, 129 Ohio St.3d at 344, 2011–Ohio–3374, 952 N.E.2d 1108, at syllabus.

*Id.* at ¶¶ 9-10.

{¶ 17} This Court has already determined that the criminal conduct alleged in Counts 8, 9, and 12 of Straley's indictment occurred after the enactment of Ohio's AWA. *Id.* at ¶ 13.

Therefore, Straley was properly classified under the AWA. We see no reason to sustain Straley's

second assignment of error and order the trial court to conduct a hearing under the prior

classification scheme, Megan's Law. This court has already affirmed Straley's classification as a

Tier III sex offender; and it places the most stringent requirements upon sex offenders, requiring

registration every 90 days for life.

{¶ 18} In a situation such as Straley's, where the date of the criminal conduct alleged in

an indictment begins when Megan's Law was in effect and ended when the AWA was in effect,

classification under the AWA is proper. *See State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-

Ohio-258, ¶¶ 6-7; *See also State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, ¶

26. Therefore, we do not find a void sentence existed here. Straley's second assignment of error

is overruled.

Appellant's Third Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS IT
>
> DENIED THE APPELLANT'S RIGHT TO WITHDRAW HIS GUILTY PLEA
>
> AND PROPERLY ADVISE HIM OF THE AWA REQUIREMENTS

{¶ 19} In his third assignment of error, Straley argues that he should be allowed to

withdraw his guilty plea because the trial court did not inform him of the requirements of the

AWA before he entered his plea. Straley contends that he was denied his rights with respect to

Crim.R. 11 when he entered his plea and again at the classification hearing on remand.

{¶ 20} Straley attempted to raise this argument in his previous appeal. *See Straley II* at ¶

14 ("Next, appellant argues that he never would have pleaded guilty to the offenses had he

known he was subject to the registration requirements under Ohio's Adam Walsh Act.") We

determined in *Straley II* that the trial court did in fact inform Straley of the AWA classification

requirements during the plea hearing. Therefore, as we ruled in *Straley II*, we overrule this argument because it could have been raised on direct appeal and is now barred by the doctrine of res judicata. *Straley II* at ¶ 14 citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

Appellant's Fourth Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAS [SIC] WHEREAS IT DENIED THE APPELLANT HIS RIGHT TO SELF-REPRESENTATION AND THE REPRESENTATION AND THE REPRESENTATION HIS DID RECEIVE WAS INEFFECTIVE.

{¶ 21} In his fourth assignment of error, Straley argues that he was provided ineffective assistance of counsel when the trial court appointed him counsel during the classification hearing. Straley states that he was proceeding pro se, until the trial court forced appointed counsel upon him and then limited the interaction between himself and counsel. Straley's argument is seemingly two fold: (1) Straley claims his right to self-representation was violated and (2) the counsel he did receive was ineffective.

> The following exchanges occurred during the classification hearing:
>
> COURT: Mr. Straley, is there anything you would like to say?
>
> DEFENDANT: Yes, Your Honor.
>
> Court: All right, go ahead.
>
> DEFENDANT: I just met with Mr. Wagoner, like two minutes before we sat down and there were other issues that I felt that I should be conferring with…
>
> ***

COURT: *** I don't have any choice so I have no jurisdiction to issue any....this remand to the Court did not reopen your case other than to say correct, the designation.....which I probably, actually, I've done this by video but I decided to do it in person in this case and let you have an attorney so you would be ....understand.

***

COURT: ***As far as any other issues you know, that you'd want to speak with Mr. Wagoner about. Quite honestly, I....I...didn't really think it was critical that I appoint an attorney but I though that since it's considered a resentencing I ought to have one here when honestly his hands are tied the same as mine are.

Straley attempts to argue, simultaneously, that his right to self-representation was violated and that appointed counsel provided ineffective assistance of counsel. At the hearing, however, Straley merely questioned the amount of time he had to talk with appointed counsel.

{¶ 22} The Supreme Court of Ohio has recognized "a defendant in a state criminal trial has an independent constitutional right of self-representation and * * * may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32 quoting *State v. Gibson*, 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399 (1976) paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The invocation of this right must be clear and unequivocal. *Cassano* at ¶ 38; *State v. Dean,* 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 68.

{¶ 23} Here, we find that Straley did not invoke his right to self -representation at the classification hearing. Straley merely questioned the trial court about the time he had to speak

with his appointed counsel. Therefore, we cannot find that Straley's right to self-representation was violated.

{¶ 24} Next, we will address Straley's argument that his appointed counsel provided ineffective assistance. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (Citations omitted.) *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See Madrigal*, 87 Ohio St.3d at 389, 721 N.E.2d 52 (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other."). In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 25} Straley has failed to explain how the classification hearing would have been different but for errors by appointed counsel. Furthermore, this Court cannot find any evidence that the classification hearing would have proceeded differently based upon the actions of Straley's appointed counsel. Consequently, Straley's claim of ineffective assistance fails. Straley's fourth assignment of error is overruled.

{¶ 26} In conclusion, all of Straley's assignments of error are overruled and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the trial court's JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty (60) days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty (60) day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty (60) days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.