[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Von,* Slip Opinion No. 2016-Ohio-3020.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3020

IN RE VON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Von,* Slip Opinion No. 2016-Ohio-3020.]**

*Criminal law—Sex offenders—Registration requirements—R.C. 2950.15—Retroactive application—Registration-termination procedure in R.C. 2950.15 does not apply to sex offenders who committed their offenses prior to January 1, 2008.*

(No. 2015-0619—Submitted February 24, 2016—Decided May 18, 2016.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2013-T-0085, 2015-Ohio-943.

_____

**O'DONNELL, J.**

{¶ 1} The state of Ohio appeals from a judgment of the Eleventh District Court of Appeals reversing a trial court order that denied Aaron K. Von's motion to terminate his sex offender registration duties.  The issue presented in this court is whether the procedure to terminate reporting requirements which the General

Assembly enacted effective January 1, 2008, applies to sex offenders who committed offenses prior to that date.

**Facts and Procedural History**

{¶ 2} Von moved to terminate his duty to comply with sex offender registration laws pursuant to R.C. 2950.15, claiming that on January 29, 1997, he was convicted in the state of Colorado of sexual assault of a child, a fourth degree felony, and sexual assault in the third degree, a first degree misdemeanor. Von maintained that he moved to Ohio in August 2011 and registered as a sex offender but did not specify his classification.

{¶ 3} The state opposed the motion to terminate, arguing that R.C. 2950.15 applies only to sex offenders convicted on or after January 1, 2008, the effective date of the Adam Walsh Act (2007 Am.Sub.S.B. No. 10). The state cited *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, for the proposition that the statute could not be applied retroactively to Von, who was convicted prior to that date. The date of Von's convictions placed him within the purview of Megan's Law (1996 Am.Sub.H.B. No. 180), which was repealed by the Adam Walsh Act and which had no provision for terminating the duty to comply with sex offender registration laws.

{¶ 4} While the trial court was considering Von's motion to terminate, Von sought a preliminary injunction to stay the enforcement of a change in his classification from a "Tier One Sexually Oriented Offender" to a "Tier Three" offender. Von attached notices indicating that he had been adjudicated a "(Pre AWA) Sexually Oriented Offender" but was later adjudicated a "(Pre AWA) SEXUAL PREDATOR." (Capitalization sic.)

{¶ 5} The trial court issued the following order: "Petitioner is entitled to a preliminary injunction until this Court issues a determination of the merits of Petitioner's challenge under R.C. 2950.031(E) or until further order of the Court." The order included a handwritten statement that Von was to "remain tier 1" and

that the state did not oppose him "REMAINING TIER I UNTIL DETERMINATION OF MERITS." (Capitalization sic.)

{¶ 6} The trial court then denied the motion to terminate Von's duty to comply with sex offender registration laws because at the time of his convictions, Megan's Law was in effect in Ohio as codified in R.C. Chapter 2950, and it contained "no provision to terminate one's status as a registered sex offender post-conviction." The court concluded that subsequent amendments to R.C. Chapter 2950 were not retroactive.

{¶ 7} In a split decision, the appellate court reversed. In the lead opinion, Judge Wright concluded that R.C. 2950.15 may be applied retroactively because the statute expressly states that it applies to an offender regardless of when the offense was committed. Moreover, the statute creates a new right for offenders without imposing a new burden or obligation on the state. That opinion further asserted that to be eligible for relief, Von had to be a Tier I sex offender—an Adam Walsh Act classification—but the trial court had not made a final determination regarding his status. The lead opinion explained that "even though many provisions of the Adam Walsh Act were declared unconstitutional as applied to offenders convicted of sex crimes that occurred prior to January 1, 2008, R.C. 2950.15 can be severed from those other provisions." 2015-Ohio-943, at ¶ 26. Thus, the lead opinion ordered the matter remanded to the trial court to determine Von's status and to consider the merits of the motion to terminate if it found that Von is a Tier I sex offender for purposes of deciding his eligibility for relief pursuant to R.C. 2950.15.

{¶ 8} Judge Cannon authored a separate opinion concurring in judgment only. He explained that Von is subject to Megan's Law, not the Adam Walsh Act, and therefore R.C. 2950.15 does not retroactively apply to him. He noted that "[t]his would effectively defeat [Von's] application because * * * [he] should not be classified as a Tier I offender." *Id.* at ¶ 40 (Cannon, P.J., concurring in judgment

only).  Judge Cannon further opined that Von's classification under Megan's Law was subject to debate and concurred in the decision to remand that issue to the trial court.

{¶ 9} Judge Grendell dissented and expressed a third view that the record contained no evidence that Von had ever been classified as a Tier I sex offender; based on *Williams*, she explained, it would be unconstitutional to classify him as a Tier I sex offender, and she therefore concluded that R.C. 2950.15 was "inapplicable to Von on its face."  *Id.* at ¶ 44 (Grendell, J., dissenting).  She also expressed the view that the propriety of Von's previous Megan's Law classifications was not properly before the appellate court.

{¶ 10} We accepted the state's discretionary appeal from the appellate court on two propositions of law:

The registration termination procedure delineated in R.C. 2950.15 may not be retroactively applied to sex offenders who commit their crimes before January 1, 2008 and who are convicted and sentenced before that date.

A statute which has not been found unconstitutional is not subject to the judicial remedy of severance.

**Positions of the Parties**

{¶ 11} The state maintains that the appellate court erred in holding that sex offenders classified under Megan's Law may avail themselves of the privilege legislatively granted to Adam Walsh Act offenders to terminate their registration obligations.  The state urges that only Tier I sex offenders are eligible offenders for purposes of R.C. 2950.15, and pursuant to this court's holding in *Williams*, the Adam Walsh Act and its tier classifications do not retroactively apply to offenders like Von who committed their crimes before the Adam Walsh Act took effect.

Thus, those offenders cannot be classified as Tier I sex offenders and cannot take advantage of the termination procedure in R.C. 2950.15. The state does not oppose a remand to the trial court for a determination of Von's proper Megan's Law classification, recognizing the confusion that exists on this point.

{¶ 12} Von did not file a merit brief.

## Issue

{¶ 13} The issue here is whether the statutory procedure to terminate the obligation for sex offenders to comply with registration requirements applies to offenders who committed their offenses before the statute's effective date. More simply stated, do the statutory procedures to relieve an Adam Walsh Act offender from the obligation to report apply to a Megan's Law offender? Plainly, they do not.

## Law and Analysis

### *Background*

{¶ 14} In 1996, the General Assembly enacted Megan's Law, which revised R.C. Chapter 2950 and established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators. Former R.C. 2950.09, 146 Ohio Laws, Part II, 2618.

{¶ 15} Then, in 2007, the General Assembly enacted the Adam Walsh Act, which "repealed Megan's Law, effective January 1, 2008, and replaced it with new standards for sex-offender classification and registration pursuant to the federal Adam Walsh Child Protection and Safety Act, Section 16901 et seq., Title 42, U.S.Code." *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 5. This scheme, which the General Assembly codified in R.C. Chapter 2950, divides sex offenders into Tier I, Tier II, and Tier III sex or child-victim offenders. R.C. 2950.01(E) through (G).

{¶ 16} In *Williams*, this court considered whether the Adam Walsh Act could constitutionally be retroactively applied to an offender who committed a sex

offense prior to its enactment. We concluded that the Adam Walsh Act, part of which was expressly made retroactive, is punitive, and "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* at ¶ 16 and at the syllabus.

{¶ 17} Subsequently, we clarified that only persons who commit their underlying offense on or after the *effective date* of the Adam Walsh Act can be constitutionally subjected to its requirements. *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350.

*R.C. 2950.15*

{¶ 18} R.C. 2950.15 provides:

(A) As used in this section * * *, "eligible offender" means a person who is convicted of, pleads guilty to, was convicted of, or pleaded guilty to a sexually oriented offense or child-victim oriented offense, regardless of when the offense was committed, *and is a tier I sex offender/child-victim offender * * *.*

(B) Pursuant to this section, an *eligible offender* may make a motion to the court of common pleas * * * requesting that the court terminate the eligible offender's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

(Emphasis added.)

{¶ 19} While R.C. 2950.15(A) explicitly states that a person qualifies as an eligible offender "regardless of when the offense was committed," that statement is ineffective by itself to qualify an individual as an eligible offender unless that offender is also a Tier I sex offender, because the statute uses the conjunction "and," which imposes a dual requirement to effect its application.

{¶ 20} The record contains no evidence that Von has been classified as a Tier I sex offender or child-victim offender. To the contrary, the documentation attached to his motion for a preliminary injunction demonstrates that he has been previously classified as a Megan's Law offender, not an Adam Walsh Act offender. And therefore, he is not a Tier I sex offender.

{¶ 21} As established by this court in *Williams* and *In re Bruce S.*, the tier classification system of the Adam Walsh Act cannot be constitutionally applied to Von or other sex offenders who committed offenses prior to its effective date, regardless of when they are convicted or sentenced.

{¶ 22} The claim that the remedy of severance would permit Megan's Law offenders to be reclassified as Adam Walsh Act Tier I offenders for the purpose of having their Megan's Law duties terminated is inconsistent with *Williams*, *In re Bruce S.*, and the plain language of R.C. 2950.15(B), which permits eligible offenders to request termination of their "duty to comply with sections R.C. 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code." Notably, the legislature made no reference to Megan's Law, which is indicative of its intent that those offenders are not eligible for termination of those registration duties.

{¶ 23} Accordingly, Von and other sex offenders who committed their offenses prior to January 1, 2008, the effective date of the Adam Walsh Act, cannot be constitutionally classified pursuant to it and therefore cannot be "eligible offenders" as defined by R.C. 2950.15(A).

## Conclusion

{¶ 24} The registration termination procedure delineated in R.C. 2950.15 does not apply to sex offenders who committed their offenses prior to January 1, 2008. Accordingly, the judgment of the appellate court is reversed to the extent that it reversed the denial of Von's motion to terminate his duty to comply with sex offender registration laws.

**{¶ 25}** However, given the confusion regarding Von's current status, we affirm the judgment of the appellate court to the extent that it remanded this matter for a determination of his sex offender classification pursuant to Megan's Law. We remand the cause to the trial court with instructions to determine the appropriate classification for Von in accordance with Megan's Law.

Judgment affirmed in part
and reversed in part,
and cause remanded.

O'CONNOR, C.J., and PFEIFER, KENNEDY, and FRENCH, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'NEILL, J., dissents.

_____

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos and Deena L. DeVico, Assistant Prosecuting Attorneys, for appellant.

_____