[Cite as *State v. Sturgill*, 2017-Ohio-2736.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA21 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| NATHANIEL D. STURGILL | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/01/17** |

_____

APPEARANCES:

Nathaniel D. Sturgill, Lancaster, Ohio, Pro Se Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Nathaniel D. Sturgill appeals the "Entry Overruling Jurisdictional Motion," dated September 21, 2016, in the Athens County Court of Common Pleas. In 2009, Sturgill was indicted on six counts which included rape and unlawful sexual conduct with a minor. In 2010, he pleaded to two counts of rape, R.C. 2907. 02(A)(2), felonies of the first degree, and was sentenced to a five-year mandatory prison term. He served his term and was released in 2014. On appeal, Sturgill asserts because he has served his prison sentence and has been released from custody, the trial

court did not have jurisdiction to hold a sex offender reclassification hearing, pursuant to the dictates of Megan's Law.  However, we find no merit to Sturgill's sole assignment of error.  Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

## FACTS

{¶2} Appellant was indicted by the Athens County Grand Jury in Case Number 09CR0296, as follows: two counts of rape, in violation of R.C. 2907.02(A)(1)(b), and felonies of the first degree; three counts of rape, in violation of R.C. 2907.02(A)(2), and felonies of the first degree; and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), and a felony of the fourth degree.

{¶3} On March 30, 2010 Appellant pleaded to two counts of rape, R.C. 2907.02(A)(2).[1]  In exchange for his guilty plea, the State of Ohio dismissed the remaining counts and there was a joint recommendation that Appellant be sentenced to a mandatory term of five (5) years in prison; that Appellant be ordered to register as a Tier III sexual predator with community notifications; and that Appellant have no direct or indirect

---

[1] According to the Athens County Clerk of Courts' website, Appellant was previously indicted on July 27, 2009 of two counts: unlawful sexual conduct with a minor, R.C. 2907.04(A), and rape, R.C. 2907.02(A)(2), Athens County Common Pleas Court case number 09CR0265.  However, this indictment was dismissed on March 31, 2010.  An appellate court can take judicial notice of public records accessible from the internet. *See State v. Bailey,* 4th Dist. Highland No. 16CA1, 2016-Ohio-7249, Fn. 4, citing *In re Helfrich,* 5th Dist. Licking No. 13CA20, 2014-Ohio-1933.

contact with the victims or victims' family.[2]  Appellant served his five-year prison sentence and was released from the custody of the Ohio Department of Rehabilitation and Corrections on September 4, 2014.

{¶4} On September 25, 2015, Appellant filed a Motion to Remove Void Sex Offender Classification.  Within the motion, Appellant argued that his sex offender classification as a Tier III sexual predator with community notification is void because his offenses occurred prior to the enactment of the Adam Walsh Act (S.B. 10).[3]  He further argued that once an offender has been released from prison, he cannot be subjected to another sentencing to correct a trial court's flawed imposition of the sex offender classification.

{¶5} On October 25, 2015, the State filed its response.  The State conceded that Appellant was incorrectly classified under the Adam Walsh Act, but argued that the trial court did have jurisdiction to vacate his Tier III prior classification and advise him that he was now classified under Megan's Law.[4]  On February 2, 2016, Appellant filed an objection to jurisdiction. The State filed a response and the trial court ultimately denied Appellant's objection.

---

[2] On April 2, 2010, the judgment entry of sentence was journalized.
[3] The Adam Walsh Act, or S.B. 10, was enacted in 2007 creating the three tier sex offender classification system.
[4] Megan's Law was in effect at the time of Appellant's offenses.

{¶6} On September 20, 2016, Appellant appeared for a sex offender classification hearing. The trial court proceeded to inform Appellant of his requirements to register, pursuant to Megan's Law, as a habitual sex offender subject to community notification. On September 21, 2016, the court journalized its entry overruling Sturgill's jurisdictional motion. This timely appeal followed.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ERRED AND ABUSED ITS
DISCRETION BY FINDING THAT IT POSSESSED
JURISDICTION TO PROCEED WITH A SEX OFFENDER
CLASSIFICATION HEARING UNDER MEGAN'S LAW
TWO YEARS AFTER APPELLANT WAS RELEASED
FROM PRISON."

LEGAL ANALYSIS

{¶7} Ohio's current sex offender registration requirements are codified in R.C. Chapter 2950. *State v. Straley,* 4th Dist. Highland No. 13CA30, 2014-Ohio-5110, ¶ 16. In 1996, the General Assembly enacted Megan's Law, which revised R.C. Chapter 2950 and established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators. Former R.C. 2950.09, 146 Ohio Laws, Part II, 2618; *In re Von* 146 Ohio St.3d 448, 2016 Ohio-3020, 57 N.E.3d 1158, ¶ 14.

{¶8} Then, in 2007, the General Assembly enacted S.B. 10, also

known as the "Adam Walsh Act," which repealed Megan's Law, effective

January 1, 2008, and replaced it with new standards for sex-offender

classification and registration pursuant to the federal Adam Walsh Child

Protection and Safety Act, Section 16901 et seq., Title 42, U.S. Code. *In re*

*Von, supra,* at ¶ 15, quoting *Bundy v. State,* 143 Ohio St.3d 237, 2015-Ohio-

2138, 36 N.E.3d 158, ¶ 5.  This scheme, which the General Assembly

codified in R.C. Chapter 2950, divides sex offenders into Tier I, Tier II, and

Tier III sex or child-victim offenders. R.C. 2950.01(E) through (G). *State v.*

*Stidam,* 4th Dist. Adams No. 15CA1014, 2016-Ohio-7906, ¶ 12.

{¶9} Then, in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374,

952 N.E.2d 1108, the Supreme Court of Ohio considered whether the Adam

Walsh Act could constitutionally be retroactively applied to an offender who

committed a sex offense prior to its enactment. *Id.* at 16.  The High Court

concluded that the Adam Walsh Act, part of which was expressly made

retroactive, is punitive, and "as applied to defendants who committed sex

offenses prior to its enactment, violates Section 28, Article II of the Ohio

Constitution, which prohibits the General Assembly from passing retroactive

laws." *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at

¶ 16 and at the syllabus.  The Court subsequently clarified that only persons

who commit their underlying offense on or after the effective date of the

Adam Walsh Act can be constitutionally subjected to its requirements. *Williams,* at ¶ 17; *In re Bruce S.,* 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350. *State v. Straley,* at ¶ 16.

{¶10} In the sole assignment of error, Appellant argues the trial court lacked jurisdiction to hold the sex offender classification hearing due to the fact he has served his sentence and his been released from incarceration for approximately two years.  In particular, Appellant argues that the trial court must have classified him as a sex offender "before or at the time of sentencing."  Former R.C. 2905.09(B)(1) directed a court to hold a sex offender classification hearing prior to or at the time of sentencing.

{¶11} The jurisdictional question was raised in *State v. Miller,* 8th Dist. Cuyahoga No. 100768, 2014-Ohio-4568.  There, Miller was convicted in May 2009 of five counts of gross sexual imposition and one count of kidnapping with a sexual motivation.  The convictions stemmed from multiple incidents occurring in August, 2007.  He was sentenced to concurrent sentences and was classified as a Tier II sex offender under the Adam Walsh Act.  Miller completed his sentences and was released from custody in 2011.

{¶12} In 2012, Miller filed motions to correct and amend the registration requirements.  He argued that the trial court's classification of

him as a Tier II Sex Offender was void because his crimes were committed prior to the effective date of the Adam Walsh Act. Based on the Supreme Court's decision in *Williams, supra,* the *Miller* court ordered that a sex-offender reclassification hearing be conducted.

{¶13} During his hearing Miller objected to reclassification as a sex offender because he had completed his prison sentence for the underlying offenses. As such, he argued the court was without jurisdiction to conduct a reclassification hearing. The State, however, argued that Miller's status as a sexually oriented offender under Megan's Law attached by operation of law and therefore the court had the authority to notify him of this status. The trial court agreed and advised he would be classified as a sexually oriented offender by operation of law under the version of Megan's law that was in effect at the time of the offense. The court proceeded to provide the pertinent notification and registration requirements.

{¶14} On appeal, Miller again made the jurisdictional argument. The appellate court observed at ¶ 8:

> "Ohio courts have consistently held that a sex-offender classification proceeding under Megan's Law is civil in nature and 'distinct from the proceedings governing a defendant's underlying criminal conviction and sentence.' *Id.* at ¶ 8, quoting *State v. Williams,* 177 Ohio App.3d 865, 2008-Ohio-3586, 896 N.E.2d 725, ¶ 10 (9th Dist.), citing *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus; *see also State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982

N.E.2d 684, ¶ 12 (describing Megan's Law as 'a civil, remedial law')."

**{¶15}** Citing *State v. Hayden,* 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18, the *Miller* court went on to find that Miller's classification as a sexually oriented offender under Megan's Law retroactively attached to his conviction in 2009 by operation of law.[5]  The *Miller* court found no merit to his argument that the court lacked jurisdiction to impose his classification.

**{¶16}** In the case sub judice, the State has also directed us to a recent decision of the Twelfth District Court of Appeals, *State v. Bell,* 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363.  Bell, a foster parent convicted of sexual battery and imposition of two teenage boys committed to his care, was sentenced to a five-year prison term in April 2008.  He was also designated a Tier III sexual offender pursuant to the Adam Walsh Act.  Given the sentencing date, the trial court followed the sexual classification requirements set forth in S.B. 10 rather than applying the prior version, known as Megan's Law, in effect at the time of Bell's crimes.

**{¶17}** However, prior to Bell's release from prison, he was "automatically" reclassified as a sexually-oriented offender pursuant to

---

[5] *Hayden* held that "if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law [,] and a hearing to make that determination was not required.

Megan's Law, but did not receive a hearing before his reclassification.[6]

Approximately one year after Bell's release from prison, the State moved to

reclassify him a sexual predator, asserting his prior classification pursuant to

S.B. 10 was an improper retroactive application.  Bell opposed

reclassification and argued that the trial court lacked jurisdiction reclassify

him once he was released from prison.  Ultimately, the trial court determined

jurisdiction was proper and the trial court held a hearing at which time both

parties presented evidence and the trial court concluded by designating Bell

a sexual predator.

{¶18} On appeal, Bell raised the jurisdictional argument.

Recognizing that Bell's initial classification was invalid by virtue of the

Supreme Court's determination in *Williams*, the appellate court, however,

disagreed with Bell's argument that the trial court lost jurisdiction at the

moment he completed his prison sentence.  Acknowledging the Supreme

Court's decision in *State v. Holdcraft*, 137 Ohio St.3d 526, 2013-Ohio-5014,

1 N.E.3d 382, which held that a trial court does not have jurisdiction to

correct a void sentence once the prison term is complete, the *Bell* court

found at ¶ 12:

---

[6] In *Bell*, the State suggested to the court that Bell was "essentially reclassified" by the Ohio Attorney General's Office once he was to be released from prison.  However, the appellate court found it clear that Bell was not judicially classified by the attorney general's office as the trial court never reversed the application of S.B. 10 and never classified Bell pursuant to Megan's Law.

"[U]nlike correcting a sentence already served, addressing classification and registration requirements according to Megan's Law is different because such requirements are 'collateral consequence[s] of the offender's criminal acts rather than a form of punishment per se.' *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 34. As such, and unlike S.B. 10, the Ohio Supreme Court noted several times that the registration and classification requirements pursuant to Megan's Law were remedial and civil in nature. *Williams,* 2011-Ohio-3374; *Ferguson*, 2008-Ohio-4824; and *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636."

**{¶19}** The Twelfth District Court of Appeals further held at ¶ 13:

"The classification requirements inherent in Megan's Law were determined by the Ohio Supreme Court to be civil and remedial, and thus are not a punishment within the defendant's sentence. Therefore, the disposition of Bell's challenge to the trial court's jurisdiction to reclassify him must be determined upon rules specific to classification pursuant to Megan's Law, rather than rules that pertain to sentencing or punishment. As such, and because the trial court never classified Bell according to Megan's Law and its civil and remedial classification requirements, the trial court had jurisdiction to hold the hearing despite Bell's release from prison."

**{¶20}** The *Bell* court cited various decisions in which court had addressed reclassification issues despite the defendant having been released from prison. *See State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424; *State v. Ogden*, 10th Dist. Franklin No. 09AP-640, 2011-Ohio-1589; and *State v. Ortega-Martinez*, 8th Dist. Cuyahoga No. 95656, 2011-Ohio-2540. The *Bell* court recognized that in those cases, the appellate court reversed retroactive application of S.B. 10 and instead reinstated the prior judicial

classification.  However, Bell had never been judicially classified according to Megan's Law, and was entitled to a hearing at which the court would consider various statutory factors in making its determination as to whether Bell was a sexual predator.

{¶21} The *Bell* court also recognized that, as cited by Appellant herein, former R.C. 2905.09(B)(1) directed a court to hold the hearing prior to or at sentencing.  However, the *Bell* court did not find the language jurisdictional and referenced the Supreme Court's decision in *State v. Bellman*, 86 Ohio St.3d 208, 209, 1999-Ohio-95, 714 N.E.2d 381, finding "the statutory requirement regarding the timing of a sexual predator hearing is not jurisdictional and a defendant may waive it."[7]  The *Bell* court cited other decisions in which classification hearings were heard after appellants had been released from prison. *State v. Wyant,* 12th Dist. Madison No. CA2003-08-029, 2005-Ohio-6663; *State v. Wilson,* 1123 Ohio St.3d 282, 2007-Ohio-2202; and *In re Von, supra. Bell* concluded:

> "We find no statutory authority that divested the trial court's jurisdiction to hold this required hearing, and the fact that Bell had been released from prison does not change the analysis."

---

[7] In the context of jurisdictional matters of the juvenile courts, *Bellman* has been distinguished by *State ex rel. Jean-Baptiste v. Kirsch,* 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E. 2d 302, wherein the Supreme Court held that the Scioto County juvenile court lacked jurisdiction to conduct a juvenile-offender registration hearing after the alleged juvenile had turned 21 and had been released from disposition.

{¶22} Turning to the case sub judice, we adopt the reasoning set forth by our sister districts in *Miller* and *Bell.* First, we reiterate our previous finding in *State v. Straley, supra*, that sexual offender classifications are civil in nature, *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus, and thus constitute separate proceedings when not coupled with an initial conviction and sentence. *Straley*, *supra,* at ¶ 10; *State v. Garabrandt,* 6th Dist. Lucas No. L–06–1400, 2008-Ohio-4128. The sexual offender classification proceedings are separate and distinct from the criminal conviction and sentence. *See State ex rel. Culgan v. Collier,* 132 Ohio St.3d 394, 972 N.E.2d 579, 2012-Ohio-2916, ¶ 1, and *State v. Gibson,* 2nd Dist. Champaign No.2009CA47, 2010-Ohio-3447, ¶ 25 (appeal from sex-offender classification is legally distinct from an appeal from the underlying sentence).

{¶23} As in *Bell,* "the disposition of [Appellant's] challenge to the trial court's jurisdiction to reclassify him must be determined upon rules specific to classification pursuant to Megan's Law, rather than rules that pertain to sentencing or punishment." *Bell,* at 13. And as in *Bell,* because the trial court had not classified Appellant according to Megan's Law, the trial court had jurisdiction to hold the classification hearing. Like *Bell,* we find no statutory authority that divested the trial court's jurisdiction to hold

the required hearing, despite Appellant's release from prison over two years ago.

{¶24} Further, based on the *Bell* court's interpretation of the decision in *State v. Bellman*, we agree with the *Bell* court's finding that the language of former R.C. 2905.09(B)(1), directing the court to hold the classification hearing "prior to or at the time of sentencing," and cited by Appellant herein, is not language that is jurisdictional. *Bell* stated at ¶ 19:

> "There is no indication in the statute regarding sexual predator designation hearings that the legislature intended to limit the court's authority, and rather, the purpose of holding the hearing before or during sentencing was to ensure procedural efficiency. As such, nothing in the statute divested the trial court of its jurisdiction simply because the required hearing did not occur prior to or at sentencing."

{¶25} For the foregoing reasons, we find no merit to Appellant's argument that the trial court did not have jurisdiction to conduct the reclassification hearing after he had served his prison sentence and had been released for approximately two years. As such, we hereby overrule the sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**