[Cite as *State v. Schuller*, 2020-Ohio-4261.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO.  7-19-15

      v.

STEVEN SCHULLER,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 08CR0022

**Judgment Reversed and Cause Remanded**

Date of Decision:  August 31, 2020

APPEARANCES:

    *Autumn D. Adams* **for Appellant**

**SHAW, P.J.**

{¶1} Defendant-appellant, Steven Schuller ("Schuller") appeals the December 18, 2019 judgment of the Henry County Court of Common Pleas reiterating his classification as a Tier I sex offender under the Adam Walsh Act. On appeal, Schuller argues that he should have been classified under Megan's Law and therefore the trial court erred when it maintained his classification as a Tier I sex offender.

*Relevant Facts and Procedural History*

{¶2} On March 19, 2008, the Henry County Grand Jury returned a four-count indictment charging Schuller with four counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(B)(l), all felonies of the fourth degree. The record indicates that the offenses were alleged to have occurred in August and September of 2007.

{¶3} On January 13, 2009, the trial court accepted Schuller's guilty plea to four counts of importuning, in violation of R.C. 2907.07(B), all felonies of the fifth degree.

{¶4} On March 3, 2009, Appellant was sentenced to six months in prison for each count, to be served consecutively, for a total of twenty-four (24) months. Schuller was classified as a Tier I sex offender under the Adam Wash Act ("AWA").

{¶5} On October 31, 2019, the prosecutor filed a "Request for Hearing on Classification," moving "the Court to schedule a hearing in order to clarify the sexual offender classification of [Schuller]" and stating that "[s]uch request is made due to the change in the law between the offense date and the classification hearing." (Doc. No. 71).

{¶6} On December 17, 2019, the trial court conducted a hearing on the matter. The trial court advised Schuller of his registration requirements. Specifically, the trial court informed Schuller that "your classification actually hasn't changed but some of the requirements have." (Doc. No. 79, Dec. 17, 2019 Hrg. at 2). The trial court journalized the reiteration of Schuller's classification as a Tier I sex offender in its December 18, 2019 judgment entry.

{¶7} It is from this judgment entry that Schuller now appeals, asserting the following assignment of error.

> **APPELLANT WAS SENTENCED AS A SEXUALLY ORIENTED OFFENDER UNDER MEGAN'S LAW, SUBJECTING HIM TO A TEN (10) YEAR REGISTRATION PERIOD AND THAT PERIOD ENDED ON JULY 7, 2019, THUS APPELLANT MUST BE IMMEDIATELY REMOVED FROM THE REGISTRATION AS HIS DUTIES UNDER MEGAN'S LAW HAVE BEEN FULFILLED AND IT IS A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS TO BE FORCED TO REMAIN ON THE REGISTRATION LIST A FULL SIX (6) MONTHS PAST THE LAW'S EXPIRATION DATE.**

{¶8} In his sole assignment of error, Schuller claims that the trial court erred when it classified him as a Tier I sex offender under the AWA.[1] Specifically, Schuller argues that current case law requires the trial court to classify him under the law in effect at the time he committed his offenses, which in his case is Megan's Law. Notably, the State failed to file a brief in this matter.[2]

*Relevant Legal Background*

{¶9} In 1996, the General Assembly "created Ohio's first comprehensive registration and classification system for sex offenders," commonly known as Megan's Law. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 7. "Under Megan's Law, sex offenders fell into one of three classifications, sexually oriented offenders, habitual sexual offenders, or sexual predators, based upon the crime committed and the findings made by the trial court at a sexual-classification hearing." *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119, ¶ 3 (10th Dist.).

{¶10} In 2007, Megan's Law was replaced with the AWA, which set forth a "tier system" that automatically classified sex offenders according to their crime. *Bodyke* at ¶¶ 18-20. Unlike sex offender classifications under Megan's Law, AWA

---

[1] Schuller claims in his appellate brief that he was classified as a sex offender under *both* Megan's Law and the AWA, however the record does not reflect this. Rather, the record indicates that Schuller had only been classified as a Tier I sex offender under the AWA.

[2] This is a practice we strongly discourage. Pursuant to App.R. 18(C), "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

assigns sex offenders to one of three tiers based solely on the convicted offense with no consideration of the offenders' risk to the community or likelihood of reoffending. *State v. Rodgers*, 5th Dist. Stark No. 2009-CA-00177, 2010-Ohio-140, ¶ 5.

{¶11} However, the Supreme Court of Ohio subsequently held that the Adam Walsh Act provisions were punitive in nature and could not be retroactively applied to persons who committed relevant offenses prior to the effective date of the act. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 22; *State v. Nash*, 10th Dist. Franklin No. 19AP-171, 2020-Ohio-388, ¶ 9. Accordingly, "[s]ex offenders who committed their offenses prior to January 1, 2008, the effective date of the Adam Walsh Act, cannot be constitutionally classified pursuant to it." *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, ¶ 23; *see also, State v. Sheriff*, 3d Dist. No. 8-11-14, 2012-Ohio-656, ¶ 14; *State v. Lechuga*, 3d Dist. Paulding No. 11-19-04, 2019-Ohio-3425, ¶ 12.

{¶12} As succinctly stated by the Supreme Court:

**Therefore, Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense. Those who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA.**

*State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 17.

*Discussion*

**{¶13}** Turning now to the issue raised in the case *sub judice*. The record indicates that Schuller committed his offenses in August and September 2007, prior to the effective date of the AWA. *See In re Von*, *supra*. Pursuant to the Supreme Court's holding in *Williams*, Schuller must be classified according to the laws in effect during the time of his crimes, which in this case is Megan's Law. *Williams*, *supra*, at ¶ 21. Therefore, we conclude it was error for the trial court to classify Schuller as a Tier I sexual offender under the AWA at the December 17, 2019 hearing and sustain the assignment of error.

**{¶14}** For these reasons, we sustain the assignment of error and the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**