[Cite as *State v. Lipkins*, 2024-Ohio-608.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1088

      Appellee                          Trial Court No.  CR0202202761

v.

Aaron L Lipkins                              **DECISION AND JUDGMENT**

      Appellant                        Decided:  February 16, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment by the Lucas County Court of Common

Pleas, which sentenced appellant, Aaron L. Lipkins, to a total prison term of 54 months

for one felony count of unlawful sexual conduct with a minor, for one felony count of

attempted unlawful sexual conduct with a minor, and for both counts mandatory Tier II

sex-offender registration, after the trial court accepted appellant's guilty pleas and convicted him of those offenses. For the reasons set forth below, this court affirms, in part, and reversed, in part, the trial court's judgment.

## I. Background

{¶ 2} The following facts are relevant to this appeal. On October 18, 2022, a Lucas County Grand Jury issued indictments against appellant for two counts of unlawful sexual conduct with a minor, violations of R.C. 2907.04(A) and third-degree felonies pursuant to R.C. 2907.04(B)(3). Appellee, state of Ohio, alleged that twice the 55-year-old appellant knowingly engaged in sexual conduct (anal and vaginal) with a 13-year old victim whom he knew was under 16-years old, was not his spouse, and who was at least ten years younger than he. Appellant pled not guilty to the charges, and discovery commenced in anticipation of a trial.

{¶ 3} Then on February 14, 2023, appellant pled guilty to one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), and a third-degree felony pursuant to R.C. 2907.04(B)(3), and to one amended count of attempted unlawful sexual conduct with a minor, a violation of R.C. 2923.02 and 2907.04(A), and a fourth-degree felony pursuant to R.C. 2907.04(B)(3) and R.C. 2923.02.[1] The trial court notified

---

[1] Although appellant is at least 10-years older than the victim, and committed a third-degree felony under R.C. 2907.04(B)(3), appellant pled to a fourth-degree felony because R.C. 2923.02(E)(1) makes his attempt to violate R.C. 2907.04 the next-lesser degree than the offense attempted. *See State v. Heidelberg*, 2019-Ohio-2257, 138 N.E.3d 537, ¶ 12 (6th Dist.).

2.

appellant, and appellant received in his signed plea agreement, that, pursuant to R.C. 2950.032, each offense mandated Tier II sex offender registration for a 25-year duration and with verification every 180 days. His signed plea agreement also states, "I understand as a registered sex offender, I am prohibited from establishing or occupying a residence within 1,000 feet of any school, preschool, or child daycare premises pursuant to R.C. 2950.034." Appellant received a number of other statutory notifications during the plea colloquy. Following the plea colloquy, the trial court accepted appellant's guilty pleas as knowingly, intelligently, and voluntarily made, and found appellant guilty of those offenses.

{¶ 4} The trial court sentenced appellant on March 22, 2023, to serve a 54-month prison term for unlawful sexual conduct with a minor and a 17-month prison term for attempted unlawful sexual conduct with a minor, to be served concurrently for a total 54-month prison term. Among the many matters addressed by the trial court, the trial court read into the record the Explanation of Duties to Register form signed by appellant:

> You have been convicted of or plead guilty to a sexually oriented offense or a child victim as defined under 2950.01.

> You are a Tier II sex offender, and you are required to register in person with the Sheriff of the county in which you establish your residency within three days of coming into that county or if temporarily domiciled for more than three days.

3.

You are also required to register in person with the Sheriff of the county in which you establish a place of education immediately upon coming into that county.

If you establish a place of education in another State, but maintain a residence or temporary domicile here, you are also required to register in person with the Sheriff or other appropriate official in the other State immediately upon coming into that State.

You are also required to register in person with the Sheriff of the county in which you establish a place of employment if you have been employed for more than three days or for an aggregate of fourteen days in a calendar year.

If you establish a place of employment in another state but maintain a residence or temporary domicile here you are also required to register in person with the Sheriff or other appropriate official in that other State if you have been employed for more than three days or for an aggregate of fourteen days in a calendar year. Employment includes volunteer services. * * *

You are also required to provide to the Sheriff temporary lodging information including address, length of stay, if your absence will be for more than seven days.

After the date of initial registration you are required to periodically verify your residence address, place of employment, place of education, in person at the County Sheriff's Office no earlier than ten days prior to your vacation date.

If you change residence address, place of employment, or place of education, you shall provide written notice of that change to the Sheriff with whom you most recently registered and to the Sheriff in the county in which you intend to reside or establish a place of employment or place of education at least 20 days prior to any change and no later than three days after change of employment.

If the residence address change is not to a fixed address, you shall include a detailed description of the place or places you intend to stay at no later than * * * the end of the first business day. Immediately following the day you obtain a fixed address you must register with the Sheriff of that address.

You are further advised in accordance with Federal law you must report any international travel to your registering authority no less than 21 days prior to travel. Failure to do so may subject you to criminal prosecution.

You shall provide written notice within three days of any change in vehicle information, email address, internet identifiers, or telephone

numbers registered to you or used by you to the Sheriff with whom you have most recently registered, and depending upon your destination.

You are required to comply with all of the above described requirements for the following period of time and frequency, and that is 25 years with in person verification every 180 days.

You are expected to have a residence in Lucas County at this time, and if that changes the above requirements apply, and you are to notify the Sheriff of the county in which you decide to reside, whether it's in Ohio or as the rules apply [in] another State.

[Appellant's trial counsel], there is a signature line that needs to be signed that he understands and I have read all of that to him in open court.

Appellant's Trial Counsel: May I approach?

Court: You may. Thank you. Mr. Lipkins, the signature on this form looks like the same signature on the plea form. Is that your signature?

Appellant: Yes, sir.

Court: All right. Do you have any questions about the registration responsibilities?

Appellant: No.

{¶ 5} Also at sentencing, with respect to pre-sentence confinement credit, the trial court announced, "There were 50 days of credit at Lucas County Corrections Center, 98

days at Work Release, all of which will be granted as credit for time served towards the 54 month sentence."

{¶ 6} Also at sentencing, with respect to financial sanctions, the trial court announced, "The Court finds that the Defendant does not have the means to pay Court appointed Counsel fees, or cost of supervision, or any other fees, and therefore waives those at this time."

{¶ 7} Then, the trial court stated in its April 5 journalized sentencing entry, in addition to the determination "that defendant serve a term of 54 months, as to Count 1 and 17 months as to Count 2 in prison":

Defendant, having been convicted of or plead guilty to a sexually oriented offense and or child victim offense as defined in ORC 2950.01 the Court finds the Defendant is a Tier II Sex Offender and is required to comply with the requirements outlined in the Explanation of Duties to Register given to the defendant in writing, in open court, for 25 years with in-person verification every 180 days. * * *

Defendant is ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. Credit for -0- days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution.

* * *

7.

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC. Notification pursuant to R.C. 2947.23 given.

(Emphasis sic.)

{¶ 8} Appellant timely appealed the trial court judgment, setting forth three assignments of error:

1. Appellant's classification as a Tier II Sex Offender is unenforceable because not all the requirements of a Tier II Sex Offender were explained or articulated in the sentencing entry.

2. The trial court committed plain error when it failed to include days of credit in the judgment entry or sentencing which were ordered credited to appellant on the record.

3. The trial court committed plain error when it imposed costs in the judgment entry which were waived at the sentencing hearing.

**{¶ 9}** Meanwhile, on June 5, 2023, the trial court granted appellant's pro se motion for the following pre-sentence confinement credit reducing his 54-month sentence: "148 days of custody * * * as of March 22, 2023, along with future custody days."

**{¶ 10}** Then on July 7, in response to appellant's first assignment of error, appellee moved the trial court pursuant to App.R. 9(E) to supplement the record with the form appellant signed at his sentencing on March 22, entitled, "Explanation of Duties to Register as Sex Offender or Child Victim Offender." Appellant did not oppose the motion, and the trial court has not yet ruled on it.

## II. Felony Sentencing

**{¶ 11}** All three of appellant's assignments of error challenge different aspects of his felony sentence. We review a challenge to felony sentencing pursuant to R.C. 2953.08(G)(2), which states:

> The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D)], [R.C. 2929.14(B)(2)(e) or (C)(4)], or [R.C. 2929.20(I)], whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

## A. Sex-Offender Residential Restrictions

{¶ 12} In support of his first assignment of error, appellant argues that, as a Tier II sex offender, the trial court failed to explain the residential restrictions under R.C. 2950.034 in his sentencing entry. Citing to *State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995, ¶ 4, appellant argues that "without a specific order stating that Mr. Lipkins is subject to residential restrictions, those requirements are void as to him, and reverse and remand for any necessary clarification in the sentencing entry."

{¶ 13} Appellee responds that the trial court not only exhaustively gave appellant the required Tier II -sex-offender advisements at the plea and sentencing hearings, pursuant to R.C. 2950.03(A)(2), but also included them in its journalized sentencing entry when it stated, "the Court finds the Defendant is a Tier II Sex Offender and is required to comply with the requirements outlined in the Explanation of Duties to Register given to the defendant in writing, in open court, for 25 years with in-person verification every 180 days." The duration of appellant's registration is specified under R.C. 2950.07(B)(2). The explanation-of-duties form appellant read, understood, and signed at sentencing is specified by R.C. 2950.03(B)(1)(a), and he received a copy of it pursuant to R.C. 2950.03(B)(3). Appellee further argues that notice to a sex-offender of the R.C. 2950.034 residential restriction is absent from the list of required trial court notices by either R.C. 2950.03(A), or R.C. 2950.03(B)(1). Nevertheless, appellant received the R.C. 2950.034 advisement in his signed guilty plea agreement. We agree.

10.

{¶ 14} Since 2007, the General Assembly enacted the Adam Walsh Act with new standards of sex-offender classification and registration codified in R.C. Chapter 2950. *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶ 15. A "Tier II sex offender/child-victim offender" is defined as, "A sex offender who is convicted of, [or] pleads guilty to * * * a violation of [R.C. 2907.04] when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct [.]" R.C. 2950.01(F)(1)(b). Appellant's Tier II sex-offender classification happens automatically by operation of law based on the offense of conviction. *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, 224 N.E.3d 1126, ¶ 24. "Under the AWA, the trial court's only responsibility with regard to the classification is to give notice to the defendant at sentencing of the registration and reporting obligations specific to the defendant's classification under the law." *Id.*, citing R.C. 2950.03(A). Although the trial court included appellant's Tier II sex-offender classification in its sentencing entry, there is no statutory requirement to do so. *State v. Sprouse*, 6th Dist. Lucas No. L-22-1230, 2023-Ohio-2983, ¶ 28.

{¶ 15} R.C. 2950.03(A) states that each person who is convicted of or pleads guilty to a sexually-oriented offense or a child-victim-oriented offense shall be provided notice "of the offender's * * * duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code [.]" The sentencing judge shall provide the foregoing notice to the offender at the time of sentencing. R.C. 2950.03(A)(2). These duties imposed on appellant to register as a Tier II sex offender are not part of his

11.

criminal sentence because the registration duties are by statute and are not imposed by the sentencing court. *See State v. Daniel*, Slip Opinion No. 2023-Ohio-4035, ¶ 21, citing R.C. 2929.01(EE) (regarding analogous arson-offender registration). The trial court's role is limited to notifying appellant of the duty to register. *Id.* As is shown below, R.C. 2950.034 does not impose on appellant a duty to register.

{¶ 16} The contents of the explanation-of-duties form appellant signed at his sentencing were read into the record by the trial court. App.R. 9(A)(1). Appellant does not dispute receiving the signed form; rather, he argues his sentence is void because the sentencing entry does not specifically include sex-offender residential restrictions under R.C. 2950.034(A), which states:

> No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises, preschool or child care center premises, children's crisis care facility premises, or residential infant care center premises.

{¶ 17} We decline to add R.C. 2950.034(A) to the list of four statutes specified in R.C. 2950.03(A). "Under the general rule of statutory construction *expressio unius est exclusio alterius,* the expression of one or more items of a class implies that those not identified are to be excluded." *State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998).

12.

{¶ 18} We find that appellant fails to point to anything in R.C. 2950.034(A) entitling him to separate notice of the foregoing residential restrictions at the time of sentencing, and we do not find any in the plain language of the statute. Appellant's violation of R.C. 2950.034(A) does not subject him to criminal liability because it gives certain stakeholders "a cause of action for injunctive relief against the person," which is a civil proceeding, pursuant to R.C. 2950.034(B).

> It is wholly within the legislative power to determine what consequences attach to a conviction for a crime -- the legislature may grant the court discretion in selecting from the consequences provided by law, or it may remove the court's discretion entirely and mandate certain consequences. The legislature does this all the time: it establishes mandatory prison terms (*see, e.g.*, R.C. 2929.14(B)); it requires driver's license suspensions (*see, e.g.*, R.C. 4511.19); it imposes prohibitions on owning guns (*see, e.g.*, R.C. 2923.13) and on where offenders may live (*see, e.g.*, R.C. 2950.034); and so on.

*Daniel* at ¶ 30.

{¶ 19} We find that appellant's reliance on *Merritt*, is misplaced where that appellate court determined that the defendant's guilty pleas were knowingly, voluntarily, and intelligently made because he was not subject to the community notification or residency requirements for Tier III offender. *Merritt*, 1st Dist. Hamilton No. C-170649,

13.

2018-Ohio-4995, at ¶ 7. Here, appellant, a Tier II sex-offender, is not challenging his guilty pleas.

{¶ 20} Lipkins acknowledges receiving, understanding, and signing the Tier II sex offender notification form at the sentencing hearing. Thus, not only was Lipkins properly notified of his Tier II registration duties and their duration, but he was also properly sentenced because, although not required, the appropriate tier classification was included in the sentencing entry. We find the trial court did everything it needed to do under the AWA to properly classify Lipkins as a Tier II sex offender. *State v. Sipple,* 170 N.E.3d 1273, 2021-Ohio-1319, ¶ 37-39 (1st Dist.), quoting *State v. Fowler*, 10th Dist. Franklin No. 09AP-622, 2010-Ohio-747, ¶ 5 (holding that the requirements of R.C. 2929.13(I), the felony equivalent of R.C. 2929.23(B), were satisfied where the court informed the offender of his tier classification and verified that the offender received a form detailing his registration duties, reviewed it with counsel, and acknowledged that he understood the requirements).

{¶ 21} We reviewed the record and clearly and convincingly find no trial court error in the sentencing entry regarding appellant's residential restrictions under R.C. 2950.034.

{¶ 22} Appellant's first assignment of error is found not well-taken.

### B.  Pre-Sentence Confinement Credit

{¶ 23} In support of his second assignment of error, appellant argues that he is entitled to a reduction of his sentence pursuant to his pre-sentence confinement pursuant

14.

to R.C. 2949.08(C). Appellant argues that the trial court committed plain error when it announced at the sentencing hearing his 54-month sentence would be reduced by 50 days while at the Lucas County Corrections Center and by 98 days while at the Lucas County Work Release, or 148 days, but the journalized sentencing granted him no credit. Appellant concludes that "this court must remand this matter for resentencing."

{¶ 24} Appellee, without conceding error under 6th Dist.Loc.App.R. 10(H), agrees that the trial court's sentencing entry failed to state appellant's 148-day credit announced at the sentencing hearing. However, appellee argues this assignment of error is moot since the trial court granted appellant's pro se motion on June 5, 2023 and ordered his sentence reduced by "148 days of custody * * * as of March 22, 2023, along with future custody days."

{¶ 25} We take notice of plain error with the utmost caution because appellant must show that his substantial rights were affected and this is the exceptional circumstance to compel a different outcome to prevent a manifest miscarriage of justice. *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 73.

{¶ 26} We find that the record contains appellant's full sentence credit of 148 days, as of the date of sentencing, plus future custody days. App.R. (A)(1). While the trial court's journalized entry with its June 5, 2023 decision is not titled "a nunc pro tunc entry" to its sentencing judgment entry, "the record speaks the truth" and accurately reflects what the trial court actually decided at appellant's sentencing. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995). The trial court's June 5

15.

judgment entry achieves the function and purpose of a nunc pro tunc entry, which "does not replace the original judgment entry; [but] it relates back to the original entry." *Thompson* at ¶ 43.

{¶ 27} We clearly and convincingly find no plain error by the trial court because appellant received the relief sought by this assignment of error, making resentencing moot.

{¶ 28} Appellant's second assignment of error is found not well-taken.

### C.  Financial Sanctions Waiver

{¶ 29} In support of his third assignment of error, appellant argues that his sentence must be vacated because at sentencing the trial court found he did not have the means to pay any financial sanctions pursuant to R.C. 2929.18(A) and did not impose them. Appellant argues that the trial court then committed plain error when the journalized sentencing entry not only found appellant had the means to pay financial sanctions, but then imposed on him the obligation "to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law." Appellant concludes that "this court must remand this matter for resentencing as to financial sanctions."

{¶ 30} Appellee, again without conceding error under 6th Dist.Loc.App.R. 10(H), agrees that the trial court's sentencing entry failed to reflect that it would waive the financial sanctions. However, rather than vacating the sentence, appellee argues the

16.

appropriate instruction to the trial court would be a nunc pro tunc entry waiving their imposition.

{¶ 31} We reviewed the record and clearly and convincingly find the trial court announced at sentencing that appellant "does not have the means to pay Court appointed Counsel fees, or cost of supervision, or any other fees, and therefore waives those at this time." Yet, the trial court reversed that waiver in its sentencing entry. While we do not find the trial court committed plain error as appellant suggests, we find the trial court committed a clerical mistake in the sentencing entry which it may correct at any time pursuant to Crim.R. 36. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 12. We may properly order a nunc pro tunc entry so that the record speaks the truth of what the trial court actually decided. *State v. Merer*, 6th Dist. Wood No. WD-20-015, 2021-Ohio-1553, ¶ 14, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶ 32} Appellant's third assignment of error is found well-taken, in part, and not well-taken, in part.

### III. Conclusion

{¶ 33} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part, for the limited purpose of a nunc pro tunc sentencing entry with respect to the trial court's decision at sentencing that appellant "does not have the means to pay Court appointed Counsel fees, or cost of supervision, or any other fees, and

17.

therefore waives those at this time." Appellant and appellee are ordered to equally pay

the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                         _____
                                                                      JUDGE

Christine E. Mayle, J.

                                                          _____
Gene A. Zmuda, J.                                          JUDGE
CONCUR.

                                                          _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.