[Cite as *State v. Sparks*, 2011-Ohio-3245.]

STATE OF OHIO          )                   IN THE COURT OF APPEALS
                          )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                       C.A. No.      25320

     Appellee

     v.                               APPEAL FROM JUDGMENT
                                    ENTERED IN THE
BRYAN S. SPARKS                 COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
     Appellant                   CASE No.     CR 02 12 3669

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

---

      CARR, Presiding Judge.

      **{¶1}**   Appellant, Bryan Sparks, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

      **{¶2}**   Sparks was indicted on fourteen counts in 2002 and 2003. The State dismissed two counts and the matter proceeded to a bench trial on the remaining twelve counts. The trial court found Sparks not guilty of seven counts, but guilty of five counts, including rape in violation of R.C. 2907.02(A)(1), a felony of the first degree; rape in violation of R.C. 2907.02(A)(2), a felony of the first degree; corruption of a minor in violation of R.C. 2907.04, a felony of the third degree; illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1); and corruption of a minor in violation of R.C. 2907.04, a felony of the fourth degree. The trial court sentenced Sparks by judgment entry filed April 27, 2004. Sparks appealed his conviction and sentence. This Court affirmed in part, but reversed in part and

remanded for resentencing on the second count of rape. *State v. Sparks*, 9th District No. 22111, 2005-Ohio-2154. On remand, the trial court issued a judgment entry on June 24, 2005, resentencing Sparks as to the second count of rape only and ordering that the prior sentence imposed in April 2004, remained in full force and effect except as to Count 2 (the second count of rape).

{¶3} On January 21, 2010, the State filed a "memorandum" in which it asserted that the trial court improperly imposed post-release control in both prior sentencing entries, thereby rendering Sparks' sentence void. Based on the State's memorandum, the trial court scheduled the matter for resentencing. Sparks was transported for resentencing hearing on March 2, 2010. The trial court reclassified Sparks as a Tier III sex offender/child victim offender and proceeded to resentencing. The March 5, 2010 sentencing entry mirrored Sparks' prior sentencing entries except that the trial court correctly imposed post-release control. Sparks filed a timely appeal in which he raises four assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT INCORRECTLY LABELED APPELLANT A 'TIER III' SEXUAL OFFENDER FOR A CRIME THAT OCCURRED PRIOR TO THE ENACTMENT OF THE ADAM WALSH ACT, IN VIOLATION OF ARTICLE ONE, SECTION TEN OF THE UNITED STATES CONSTITUTION."

{¶4} Sparks argues that the trial court erred by reclassifying him as a Tier III sex offender. This Court agrees.

{¶5} Sparks argues that the application of a sex offender classification to him under the Adam Walsh Act, which was not in effect at the time of the commission of his crimes, violates the prohibition against ex post facto laws enunciated in the United States Constitution. This

Court has already analyzed this issue and held that it does not. *State v. Honey*, 9th Dist. No. 08CA0018-M, 2008-Ohio-4943, at ¶12-19.

{¶6} Although Sparks does not make the appropriate argument in regard to his reclassification, this Court would be remiss for failing to point out the impropriety of the trial court's reclassification in this case.

{¶7} Under similar circumstances, this Court reversed a trial court's sex offender reclassification in a case in which the defendant had to be resentenced because of an earlier error in regard to postrelease control. *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586 (*Williams II*). In *Williams II*, the defendant was originally classified as a sexually oriented offender in 2002. She appealed and this Court affirmed her conviction but reversed and remanded for resentencing to allow the trial court to place its reasons for imposing a consecutive sentence on the record. *State v. Williams*, 9th Dist. No. 02CA008112, 2003-Ohio-4639 (*Williams I*). In February 2008, one month after the Adam Walsh Act went into effect modifying the sex offender classification scheme, Williams was resentenced on the authority of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, as the law at that time held her original sentence to be void for failure by the trial court to properly address postrelease control. Because the trial court proceeded with resentencing, however, it conducted a de novo sex offender classification hearing and reclassified Williams as a Tier III sex offender pursuant to the Adam Walsh Act. The State challenged the trial court's authority to reclassify Williams. This Court ultimately held that the trial court lacked the authority to reclassify the defendant under those circumstances because R.C. 2950.032 expressly authorized the attorney general, not the court, to reclassify defendants under the new scheme. Nevertheless, we set forth alternate reasoning for our reversal that merits restatement here, particularly in light of the Ohio Supreme Court's holding that the

reclassification authority pursuant to R.C. 2950.032 is unconstitutional because it violates the separation of powers doctrine. See *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, at ¶61.

{¶8} In *Williams II*, this Court recognized that "[s]ex-offender-classification proceedings are civil in nature and legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence." *Williams II* at ¶10, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus. Moreover, sex offender classifications constitute final, appealable orders because they affect a substantial right and arise out of a "special proceeding." See R.C. 2505.02(B)(2); see, also, *State v. Dobrski*, 9th Dist. No. 06CA008925, 2007-Ohio-3121, at ¶6. This is true even when the sentencing entry is not itself a final, appealable order, for example for lack of compliance with Crim.R. 32(C). See *Dobrski* at ¶2-4. Accordingly, the vacation of a sentence does not result in the vacation of a legally distinct sex offender classification. *Williams II* at ¶11.

{¶9} Recently, the Ohio Supreme Court modified its holding in *Bezak* to reaffirm that a sentence is void when the trial court fails to properly include postrelease control in a sentence "but with the added proviso that only the offending portion of the sentence is subject to review and correction." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶27. Therefore, "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control." Id. at paragraph two of the syllabus. This limitation on the trial court's authority to act upon resentencing only bolsters our reasoning in *Williams II* that the trial court has no authority to revisit its prior, and legally distinct, sex offender classification only because the matter is again before it for resentencing to correct the lone matter of the proper imposition of post-release control.

{¶10} More recently, the Second District Court of Appeals addressed the identical situation to the one before this Court. *State v. Pearson*, 2d Dist. No. 23974, 2011-Ohio-245. While our sister court earlier concluded that the validity of a sentence did not affect the validity of a sex offender classification, *State v. Gibson*, 2d Dist. No. 2009 CA 47, 2010-Ohio-3447, at ¶28, the *Pearson* court further relied on the Ohio Supreme Court's recent decision in *Fischer* to emphasize that resentencing to correct the improper imposition of post-release control does not authorize the trial court to revisit the issue of a defendant's sex offender classification. *Pearson* at ¶11. We are persuaded by this reasoning. Accordingly, we conclude that the trial court lacked the authority to reclassify Sparks as a Tier III sex offender during resentencing to correct the improper imposition of post-release control. Therefore, Sparks' reclassification as a Tier III sex offender is vacated and his original classification as a sexual predator is reinstated. Sparks' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

"APPELLANT WAS DEPRIVED OF HIS DUE PROCESS AND HIS SPEEDY TRIAL RIGHTS WHEN HE WAS NOT GIVEN A VALID SENTENCE UNTIL ALMOST SIX YEARS AFTER HE WAS FOUND GUILTY, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶11} Sparks argues that he was deprived of his rights to due process and speedy trial because the trial court violated Crim.R. 32(A) when it finally imposed a valid sentence almost six years after his conviction. This Court disagrees.

{¶12} Crim.R. 32(A) states that "[s]entence shall be imposed without unnecessary delay." We recently wrote, however:

"This Court has recognized that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, at ¶8. 'This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a

trial court refusing to sentence an offender and a trial court improperly sentencing an offender.' *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75." *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, at ¶42.

{¶13} In this case, the trial court did not refuse to sentence Sparks. Indeed, the trial court attempted to sentence him in April 2004, mere days after the trial court found him guilty of several counts. After the initial appeal, on May 4, 2005, this Court reversed and remanded the matter to the trial court for resentencing on the second count of rape. The trial court held a resentencing hearing on June 20, 2005, and issued its resentencing entry four days later. On January 21, 2010, the State notified the trial court of the need to resentence Sparks due to an error in regard to post-release control. The trial court resentenced Sparks within six weeks. The delay in sentencing between the time of the initial conviction on April 23, 2004, and the date he was resentenced on March 5, 2010, was the result of an error in the imposition of post-release control that was not identified until January 2010. The trial court retained continuing jurisdiction to correct the void sentence. Accordingly, there was no unreasonable delay in sentencing Sparks. Sparks' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"APPELLANT'S CONVICTION FOR RAPE AND CORRUPTION OF A MINOR WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED IN IMPOSING A LIFE SENTENCE FOR THE CONVICTIONS OF RAPE AS THE STATE FAILED TO ESTABLISH THE REQUISITE ELEMENT OF FORCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES

CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND [R.C.] 2907.02."

**{¶14}** Sparks argues that his convictions are against the manifest weight of the evidence and not supported by sufficient evidence. Sparks' arguments are barred by the doctrine of res judicata.

**{¶15}** After Sparks filed his brief, the Ohio Supreme Court held that an error in post-release control notification does not result in the entire sentence being void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (emphasis sic.) Id. at ¶26 (footnote omitted). The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The high court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus. Applying *Fischer*, this Court concludes that Sparks' arguments are barred by res judicata. The third and fourth assignments of error are overruled.

### III.

**{¶16}** Sparks' first assignment of error is sustained, his Tier III sex offender classification is vacated and his sexual predator classification is reinstated. Sparks' second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties equally.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.