THE STATE EX REL. CULGAN, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Cite as *State ex rel. Culgan v. Collier,* 132 Ohio St.3d 394, 2012-Ohio-2916.]

*Sentencing—Mandamus and procedendo unavailable to correct sentence— Adequate remedy by way of appeal.*

(No. 2012-0511—Submitted June 20, 2012—Decided July 5, 2012.)

APPEAL from the Court of Appeals for Medina County, No. 11CA0097-M.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Clifford J. Culgan, for writs of mandamus and procedendo to compel appellee, Medina County Court of Common Pleas Judge Christopher J. Collier, to correct his sex-offender classification to classify him as a sexually oriented offender instead of a sexual predator. Insofar as Culgan sought to control Judge Collier's exercise of judicial discretion, neither mandamus nor procedendo can be used to control that discretion, even if it is abused. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 7. Culgan had an adequate remedy by way of appeal from the judgment classifying him as a sexual predator to raise his claims of error. *See State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1 ("Neither mandamus nor procedendo will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law"); *State v. Sparks*, 9th Dist. No. 25320, 2011-Ohio-3245, ¶ 8 (sex-offender classification constitutes final, appealable order even when the sentencing entry itself is not a final, appealable order for lack of compliance with Crim.R. 32(C)); *State v. Gibson*, 2d Dist. No. 2009 CA 47,

2010-Ohio-3447, ¶ 25 (appeal from sex-offender classification is legally distinct from an appeal from the underlying sentence).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Clifford J. Culgan, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Matthew Kern, Assistant Prosecuting Attorney, for appellee.

_____