[Cite as *State v. Cortez*, 2017-Ohio-8154.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN F. CORTEZ | : | Case No. 17-CA-35 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Licking County
Court of Common Pleas, Case No.
2007-CR-00751

JUDGMENT: Affirmed

DATE OF JUDGMENT: October 10, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          JOHN F. CORTEZ, pro se
Licking County Prosecutor                 Inmate # A596827
                                          Chillicothe Correctional Institution
By: PAULA M. SAWYERS                      15802 State Route 104
Assistant Prosecuting Attorney            North Chillicothe, Ohio 45601
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1} Defendant-appellant John F. Cortez appeals from the May 19, 2017 Judgment Entry of the Licking County Court of Common Pleas denying his Motion to Memorialize Judgment. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 9, 2009, appellant pled guilty to 23 counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)) and one count of corrupting another with drugs (R.C. 2925.02(A)(4)(a)). As memorialized in a Judgment Entry filed on January 9, 2009, appellant sentenced to an aggregate term of incarceration of 16 years. He was also classified as a Tier II sexual offender. Appellant did not file an appeal.

{¶3} Thereafter, on August 5, 2013, appellant filed a Petition to Invalidate his sex offender classification and a Motion to Present Plain Errors pursuant to Crim. R. 52(B). Appellant argued that his trial counsel was ineffective, his sentence was excessive and the court did not make proper findings for the imposition of consecutive sentences, and that the offenses were allied offenses of similar import.

{¶4} The trial court, as memorialized in a Judgment Entry filed on November 22, 2013, found that appellant had been improperly classified under the Adam Walsh Act and that his classification was therefore void. The trial court further found that Crim. R. 52(B) does not provide appellant any post-trial right to review, converted his motion to a Petition for Post-Conviction relief, and dismissed the petition as untimely and barred by res judicata. Appellant appealed from the trial court's November 22, 2013 Judgment Entry.

{¶5} The trial court scheduled a hearing on appellant's sexual classification for January 10, 2014.  The hearing was later continued to March 14, 2014. Pursuant to a

Judgment Entry filed on March 17, 2014, the trial court, following a hearing, designated appellant as a sexually oriented offender.

{¶6} Pursuant to an Opinion filed on September 3, 2014 in, *State v. Cortez*, 5th Dist. Licking No. 13–CA–121, 2014–Ohio–3814, this Court affirmed the judgment of the trial court with respect to appellant's earlier appeal of the trial court's November 22, 2013 Judgment Entry.

{¶7} On December 5, 2014, appellant filed a Motion for Resentencing, arguing that his sentence was void because the trial court failed to notify him that his failure to pay court costs could subject him to community service, and the trial court failed to impose post-release control on each separate count. By Judgment Entry filed July 1, 2015, the trial court denied the motion, finding in part the motion was a Petition for Post-Conviction relief and was therefore untimely, and the failure to impose post-release control on each separate count did not have any "practical effect."

{¶8} Appellant then appealed. Pursuant to an Opinion filed on February 26, 2016 in *State v. Cortez*, 5th Dist. Licking No. 15–CA–55, 2016–Ohio–768, this Court affirmed the judgment of the trial court.

{¶9} Appellant, on March 30, 2016, filed a Notice of Appeal, appealing from the trial court's March 14, 2014 [1] Judgment Entry. This Court, as memorialized in a Judgment Entry filed on May 16, 2016, denied appellant's Motion for Leave to File Delayed Appeal.

{¶10} On September 26, 2016, appellant filed a Motion for Judicial Release. The trial court denied such motion via a Judgment Entry filed on October 26, 2016. Appellant then, on May 18, 2017, filed a Motion to Memorialize Judgment. Appellant, in his motion,

---

[1] Appellant actually was appealing from the trial court's March 17, 2014 Judgment Entry.

argued that the March 17, 2014 Judgment Entry was not a valid final judgment and violated the one document rule set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The trial court denied appellant's motion pursuant to a Judgment Entry filed on May 19, 2017.

**{¶11}** Appellant now raises the following assignment of error on appeal:

**{¶12}** I. THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN ITS FAILURE TO COMPLY WITH THE LEGISLATURE.

I

**{¶13}** Appellant, in his sole assignment of error, contends that the trial court erred in denying his Motion to Memorialize Judgment. Appellant specifically argues that the trial court should have granted such motion because he has never received a valid judgment of conviction. Appellant maintains that the trial court's March 17, 2014 Judgment Entry designating appellant a sexually oriented offender not a valid judgment of conviction because it did not comply with the standards for a final order set forth in *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142 and does not comply with the one document rule articulated by the Ohio Supreme Court in *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163.

**{¶14}** As noted by the court in *State v. Straley*, 4th Dist. Highland No. 13CA30, 2014-Ohio-5110, ¶ 10:

> Sexual offender classifications are civil in nature, *State v. Wilson,* 113 Ohio St.3d 382, 865 N.E.2d 1264, 2007–Ohio–2202, syllabus, and thus constitute separate proceedings when not coupled with an initial conviction and sentence. *State v. Garabrandt,* 6th Dist. Lucas No. L–06–1400, 2008–

Ohio–4128. The sexual offender classification proceedings are separate and distinct from the criminal conviction and sentence. *See, State ex rel. Culgan v. Collier,* 132 Ohio St.3d 394, 972 N.E.2d 579, 2012–Ohio–2916, ¶ 1 and *State v. Gibson,* 2nd Dist. Champaign No.2009CA47, 2010–Ohio–3447, ¶ 25 (appeal from sex-offender classification is legally distinct from an appeal from the underlying sentence).

**{¶15}** Appellant's argument that the "one document rule" was violated by the trial court thus fails. The analysis of *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163 is not applicable to the facts of this case. See *Straley*, supra.

**{¶16}** Appellant further argues that the trial court, in accepting his plea, failed to substantially comply with Crim.R. 11. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Appellant's claim that the trial court did not comply with Crim.R. 11 in accepting his plea could have been raised in a direct appeal, but was not. Appellant, therefore, is barred by the doctrine of res judicata from raising such issue now.

**{¶17}** Based on the foregoing, appellant's sole assignment of error is overruled.

{¶18}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.