Harsha, J.
{¶ 1} Joseph Megarry appeals from a judgment denying his motion to vacate an "Amended Judgment Entry" of March 19, 2003 imposing his sex-offender classification. The amended entry classified Megarry as a sexual predator, whereas the original entry, which was entered on the same date, had classified him only as a sexually oriented offender.
{¶ 2} Megarry contends the amended classification entry was void; therefore res judicata does not bar his argument that the trial court erred in issuing it. He claims that because the initial sex-offender classification was part of his criminal sentence and thus constituted a final order, *222 the trial court lacked authority to alter it in the absence of a proper nunc pro tunc order.
{¶ 3} Megarry's contention is based on the faulty premise that his sex-offender classification was part of his criminal sentence. That would have been true if he had committed his underlying offenses after the January 2008 effective date of Ohio's enactment of the Adam Walsh Act because that classification is punitive and part of the criminal sentence. However, he committed the crimes before the effective date of that act, when Ohio's version of Megan's Law was effective.
{¶ 4} Although sex-offender classifications under Megan's Law are civil, remedial, and separate from the criminal conviction and sentence, they are final orders under R.C. 2505.02(B)(2) that cannot be revisited once they are journalized. Therefore, the trial court's amended entry reclassifying him was void and subject to collateral attack. We sustain his assignment of error and reverse the judgment of the trial court with instructions to vacate the Amended Judgment Entry of March 19, 2003.
I. FACTS
{¶ 5} The Adams County Grand Jury returned an indictment charging Joseph Megarry with one count of kidnapping and one count of rape. Megarry entered a guilty plea to the lesser offenses of abduction and sexual battery under an agreement that stipulated he would be designated a sexual predator and serve four years in prison. On March 19, 2003, the trial court held both a sentencing hearing and a sexual-predator hearing. The trial court sentenced Megarry to an aggregate four-year prison term. At the hearing the trial court concluded that it would not follow the parties' agreement to classify Megarry as a sexual predator because the state did not introduce any evidence to that effect.
{¶ 6} The initial March 19, 2003 entry entitled "Judgment Entry Following Sexual Predator Hearing," which was filed separately from the sentencing entry, did not classify him as either a sexual predator or a habitual sexual offender; thus by default Megarry became a sexually oriented offender. But a subsequent entry entitled "Amended Judgment Entry Following Sexual Predator Hearing," filed 88 minutes later on that same date, classified Megarry as a sexual predator consistent with the parties' plea agreement. Megarry did not appeal from the "amended" entry reclassifying him. And neither he nor the state appealed from the initial March 2003 entry.
{¶ 7} Over 13 years later, in October 2016, Megarry's counsel filed a motion to vacate the amended entry classifying him as a sexual predator. Megarry argued that once the trial court initially classified him as a sexually oriented offender as part of his criminal sentence in March 2003, it lacked authority to modify his sentence by reclassifying him as a sexual predator less than two hours later. Megarry claimed this second sexual-predator classification is void and subject to vacation at any time. The trial court denied the motion, finding that res judicata barred Megarry's claim because he could have, but did not contest it in a direct appeal.
II. ASSIGNMENT OF ERROR
{¶ 8} Megarry assigns the following error for our review:
THE TRIAL COURT ERRED WHEN IT DENIED MR. MEGARRY'S MOTION TO VACATE.
III. STANDARD OF REVIEW
{¶ 9} We review the denial of a motion to vacate a void judgment on a de *223 novo basis. See, e.g., State v. Brown , 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, 2017 WL 4335741, ¶ 8.
IV. LAW AND ANALYSIS
{¶ 10} Megarry asserts that the trial court erred by denying his motion to vacate the court's amended March 2003 entry, which reclassified him as a sexual predator instead of a sexually oriented offender, as indicated by default in the initial entry. He argues the initial classification entry was part of his criminal sentence that became final after the trial court's classification entry was journalized; therefore the court lacked jurisdiction to amend the initial entry absent authority to do so, e.g., a Civ.R. 60(B) motion or a nunc pro tunc entry to correct a clerical error. Because the court lacked jurisdiction, he argues its amended entry was void and not subject to the bar of res judicata.
{¶ 11} Under Crim.R. 32(C) an entry becomes a valid final judgment in a criminal case, when it sets forth the fact of conviction, the sentence, the judge's signature, and the time stamp indicating that the clerk entered the judgment in the journal. State v. Lester , 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 1. "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." State v. Gilbert , 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. " '[A]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.' " Id. at ¶ 8, quoting State v. Carlisle , 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1.
{¶ 12} Consequently, "a trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." State v. Miller , 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 14.
{¶ 13} In Miller , the defendant entered into a plea agreement with the knowledge that his criminal sentence would include an order of restitution, but the trial court sentenced him without including restitution, either orally at the sentencing hearing or in the sentencing entry. Several months later upon the state's motion, the trial court amended its sentencing entry to include an order of restitution. The Supreme Court of Oho ruled that the trial court lacked authority to reconsider its valid, final sentencing entry and that the nunc-pro-tunc exception did not apply because the amended sentencing entry did not reflect the events that occurred at the sentencing hearing. Id. at ¶ 15. Consequently, the court held that "a court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence ." (Emphasis added.) Id. at ¶ 16.
{¶ 14} Initially, Megarry relied on Miller to claim that his sex-offender classification was also an important part of his felony sentence, so when the trial court amended it to classify him as a sexual predator, its unauthorized amendment of his felony sentence was void. He argued that under the void-sentence doctrine, res judicata does not bar his claim even though he could have raised it in a direct appeal from the trial court's amended classification entry. That is, "[b]ecause '[n]o court has the authority to impose a sentence that is contrary to law,' [thus] * * * '[p]rinciples of res judicata * * * do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.' " State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, quoting State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 21-22.
*224 {¶ 15} Megarry's initial argument relies on a flawed premise-that the trial court's March 2003 sex-offender classification was a part of his felony sentence. The Supreme Court of Ohio has detailed the background of the sex-offender classification system in Ohio:
In 1996, the General Assembly enacted Megan's Law, which revised R.C. Chapter 2950 and established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators. Former R.C. 2950.09, 146 Ohio Laws, Part II, 2618.
Then, in 2007, the General Assembly enacted the Adam Walsh Act, which "repealed Megan's Law, effective January 1, 2008, and replaced it with new standards for sex-offender classification and registration pursuant to the federal Adam Walsh Child Protection and Safety Act, Section 16901 et seq., Title 42, U.S.Code." Bundy v. State, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 5. This scheme, which the General Assembly codified in R.C. Chapter 2950, divides sex offenders into Tier I, Tier II, and Tier III sex or child-victim offenders. R.C. 2950.01(E) through (G).
In re Von , 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶¶ 14-15.
{¶ 16} In State v. Williams , 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, as subsequently clarified in In re Bruce S. , 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, the Supreme Court held because the Adam Walsh Act was punitive rather than remedial, it could not constitutionally be applied to defendants who committed sex offenses prior to its effective date of January 1, 2008. Von at ¶ 16. Under the Adam Walsh Act, the sex-offender classification is part of the offender's criminal sentence. See State v. Lawson , 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281, 2012 WL 5830593, ¶ 18, citing Williams at ¶¶ 10-20 ; State v. Halsey , 2016-Ohio-7990, 74 N.E.3d 915, ¶ 18 (12th Dist.) ("sex offender classification pursuant to the Adam Walsh Act ("AWA") amendments is punitive and therefore part of the 'sentence' ").
{¶ 17} Megarry's convictions stemmed from a sex offense that occurred prior to the 2008 effective date of the Adam Walsh Act; therefore, they were governed instead by Ohio's version of Megan's Law. See Williams at ¶ 22 and Von at ¶ 16. Megan's Law sex-offender classification proceedings are remedial instead of punitive, civil in nature, and not part of the criminal sentence. See, e.g., State v. Sturgill , 2017-Ohio-2736, 90 N.E.3d 44, ¶ 22 (4th Dist.) ("sexual offender classifications [under Megan's Law] are civil in nature * * *. The sexual offender classification proceedings are separate and distinct from the criminal conviction and sentence"); State v. Bates , 5th Dist. Guernsey No. 13CA9, 2013-Ohio-4768, 2013 WL 5786040, ¶ 28, citing State v. Cook , 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), and Williams ("the Ohio Supreme Court determined that the classification scheme contained in former R.C. 2950 (Megan's Law) is civil in nature and has the valid remedial and non-punitive purpose of protecting the public. * * * Under Megan's Law, the sexual offender classification is not part of a defendant's sentence or underlying criminal conviction, but is a civil action within the underlying criminal case").
{¶ 18} Therefore, neither Williams nor Lawson support Megarry's assertion that "[s]ex offender registration requirements are part of an offender's sentence." While this is true of those offenders subject to the Adam Walsh Act who committed a sex offense on or after January 1, 2008, it does not apply to Megarry because he committed his sex offense when Megan's *225 Law applied. Consequently, when the trial court amended his sex-offender classification from sexually oriented offender to sexual predator on the same date in March 2003, it did not modify his criminal sentence .
{¶ 19} Nonetheless, we ordered supplemental briefing on the issue of whether Megarry's initial sex-offender classification constituted a final appealable order under R.C. 2505.02(B)(2), thereby divesting the trial court of jurisdiction to amend it, absent a proper post-judgment motion.
{¶ 20} A sex-offender classification under Megan's Law constitutes a final appealable order even when the sentencing entry itself is not a final appealable order. See State ex rel. Culgan v. Collier , 132 Ohio St.3d 394, 2012-Ohio-2916, 972 N.E.2d 579, ¶ 1, citing State v. Sparks , 9th Dist. Summit No. 25320, 2011-Ohio-3245, 2011 WL 2571525, ¶ 8 ; State v. Gibson , 2d Dist. Champaign No. 2009 CA 47, 2010-Ohio-3447, 2010 WL 2891512, ¶ 25 (classification order is a final appealable order because it affected substantial rights and was made in a special proceeding). See R.C. 2505.02(B)(2).
{¶ 21} Therefore, the trial court's initial judgment entry classifying Megarry as a sexually oriented offender, constituted a final appealable order upon journalization. Neither party contests this conclusion. Nor does either party suggest that a trial court is authorized to modify a final appealable order except when permitted by appropriate post-judgment motion. " 'As a general rule, a trial court has no authority to sua sponte vacate or modify its final orders.' " See Painter and Pollis, Baldwin's Ohio Appellate Practice , Section 1:18 (2017), quoting Maxwell v. Univ. Hosps. Health Sys., Inc. , 8th Dist. Cuyahoga No. 104100, 2016-Ohio-7401, 2016 WL 6139091, ¶ 5.
{¶ 22} But a trial court retains jurisdiction to modify the judgment under the appropriate civil rules. Baldwin's Ohio Appellate Practice at Section 1:18; Maxwell at ¶ 5 ("A trial court may only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure"). "Other than upon a motion pursuant to Civ. R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial) and Civ.R. 60(B) (motion for relief from judgment) filed by a party, a clerical error, or a void order for want of jurisdiction, 'a trial court has no authority to vacate a final judgment.' " Id. , quoting Mayfield Hts. v. N.K. , 8th Dist. Cuyahoga No. 93166, 2010-Ohio-909, 2010 WL 877524, ¶ 30.
{¶ 23} The state claims in its supplemental brief that the trial court properly exercised its jurisdiction by issuing what essentially constituted a nunc pro tunc entry under Civ.R. 60(A) to correct a "clerical mistake" resulting from "oversight or omission" in its initial classification entry. But nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State ex rel. Fogle v. Steiner , 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).
{¶ 24} In its initial brief the state effectively conceded that the trial court substantively ruled that it would not follow the parties' agreement to classify Megarry as a sexual predator because the state did not submit any evidence-that is, the trial court's initial classification entry was consistent with its ruling at the hearing. The subsequent "Amended Judgment Entry," issued by the trial court less than two hours later on the same day, reclassified Megarry as a sexual predator. The trial court did not suggest that it was correcting any clerical mistake or issuing a nunc *226 pro tunc entry; it instead without any explanation amended or modified its prior classification entry, which was a final appealable order. It lacked jurisdiction to do so. Baldwin's Ohio Appellate Practice at Section 1:18; Maxwell at ¶ 5.
{¶ 25} Because the court's initial sexual offender classification entry constituted a final appealable order that neither party appealed, and in the absence of an appropriate motion under the civil rules, the trial court lost jurisdiction to modify its classification entry. Consequently, the court's amended classification entry was void, subjecting it to collateral attack at any time. Lingo v. State , 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46 ("A void judgment is a nullity and open to collateral attack at any time"). Therefore, the trial court erred by denying Megarry's motion to vacate his amended classification entry based on the res judicata rationale. We sustain Megarry's assignment of error.
V. CONCLUSION
{¶ 26} The trial court erred by denying Megarry's motion to vacate the Amended Judgment Entry reclassifying him as a sexual predator under Megan's Law. Having sustained his assignment of error, we reverse the judgment of the trial court and order the court to vacate the amended sexual offender classification entry journalized on March 19, 2003.
JUDGMENT REVERSED AND CAUSE REMANDED.
Abele, J. &* Brunner, J.: Concur in Judgment and Opinion.

Jennifer Brunner, Judge of the Tenth Appellate District, sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.