[Cite as *State v. Dye*, 2019-Ohio-5111.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180624 |
| | | TRIAL NO. B-0100606 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| VINCE DYE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 13, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Confronted with an erroneous sexual offender classification from nearly two decades ago that it did not appeal, the state sought to reach back and modify that decision by declaring it "void." But just because a trial judge might make a mistake, that does not render the decision "void." The state attempts to justify this result as stemming from a lack of subject matter jurisdiction, but that would be a dangerous proposition for us to entertain. The trial court certainly had underlying subject matter jurisdiction here, and the state cannot dust off the decision many years later and question the result unless it follows the well-trod path of seeking post-judgment relief. Nevertheless, a successor trial court granted the state's request and changed the classification, but it lacked authority to do so, which accordingly requires us to reverse its amended sentencing entry.

{¶2} In July 2001, defendant-appellant Vince Dye pleaded guilty to three counts of rape of a minor. The court handed down a 13-year prison term and notified him of his classification as a habitual sexual offender under former R.C. Chapter 2950, Ohio's version of Megan's Law. As a habitual sexual offender, Mr. Dye was obligated to register every 180 days for 20 years. Mr. Dye did not initially appeal the judgment, but he later had second thoughts and lodged a request for a delayed appeal. This court denied his motion to file a delayed appeal, and he was eventually released from prison in January 2014.

{¶3} From that point forward, things get a little confusing. In a separate criminal case, the state charged Mr. Dye with failing to notify the sheriff of an address change. Mr. Dye argued in that case that his classification as a habitual sexual offender was void because the trial court's classification order had erroneously decreed him to be a habitual sexual offender based on the number of counts in the indictment, rather than on prior convictions for sex offenses. Clued into some

problems with the classification, in July 2018, the state filed in this case, the original criminal case, a request to vacate a void sex offender classification and to enter the correct classification under Megan's Law. Thus, at various points in time, both sides proclaimed the classification void, but those declarations do not make it so.

{¶4} In the wake of the state's request, the trial court ordered a release of all records from the Ohio Department of Rehabilitation and Correction and appointed the court clinic to evaluate Mr. Dye for risk of dangerousness and sexual recidivism. Mr. Dye orally objected to the classification hearing. The trial court nevertheless eventually determined that Mr. Dye's classification as a habitual sexual offender was void because it was based on counts in the same indictment and not on prior sex offense convictions. The court accordingly classified Mr. Dye anew as a sexual predator and subsequently entered an "amended sentencing entry" reflecting the sexual predator classification. As a sexual predator, Mr. Dye must register every 90 days for life.

{¶5} Mr. Dye now appeals. Although he presents two assignments of error, we focus on his first, which we find dispositive. That assignment claims that the trial court lacked authority to reclassify Mr. Dye as a sexual predator under Megan's Law, because the original order classifying him as a habitual sexual offender was a final appealable order from which neither party appealed, and therefore, the state was barred by res judicata from challenging it.

{¶6} Sex offender classifications under Megan's Law were civil and remedial, and they did not constitute part of the sentence imposed for the sexual offense. *See State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 30, 36-37; *State ex rel. Culgan v. Collier*, 132 Ohio St.3d 394, 2012-Ohio-2916, 972 N.E.2d 579, ¶ 1. The trial court's initial judgment classifying Mr. Dye as a habitual sexual offender constituted a final and appealable order. *See State v. Megarry*,

3

2018-Ohio-4242, 122 N.E.3d 220, ¶ 10 (4th Dist.); *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 20. The state did not appeal the judgment, and we denied Mr. Dye's motion to file a delayed appeal.

{¶7} In *Megarry*, Mr. Megarry pleaded guilty to abduction and sexual battery under an agreement that stipulated that he would be classified as a sexual predator and serve four years in prison. The trial court held both a sentencing hearing and a sexual predator hearing. At the hearing, the court decided that it would not follow the agreement to classify Mr. Megarry as a sexual predator because the state failed to introduce evidence to support that classification. The trial court entered a judgment that did not classify him as a sexual predator or a habitual sexual offender, so by operation of law he was a sexually-oriented offender. Nevertheless, less than two hours later, the trial court had a change of heart, entering an "Amended Judgment Entry Following Sexual Predator Hearing" that classified Mr. Megarry as a sexual predator. Neither party appealed from either judgment entry. Over 13 years later, however, Mr. Megarry's counsel filed a motion to vacate the amended entry classifying him as a sexual predator.

{¶8} The Fourth District held that the initial judgment entry constituted a final appealable order under R.C. 2505.02(B)(2) that neither party appealed, and in the absence of an appropriate post-judgment motion under the civil rules, the trial court lacked jurisdiction to amend the initial classification entry. *Megarry* at ¶ 25. The court explained, "[a]lthough sex-offender classifications under Megan's Law are civil, remedial, and separate from the criminal conviction and sentence, they are final orders under R.C. 2505.02(B)(2) that cannot be revisited once they are journalized." *Id.* at ¶ 4. In other words, a trial court does not enjoy the right to tinker with final orders in perpetuity. *Id.* at ¶ 25 ("[T]he trial court lost jurisdiction to modify its classification entry.").

4

{¶9} In similar vein, in *Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, the Second District held that where Mr. Collins had not appealed his child-victim-predator classification, res judicata precluded him from challenging it ten years later. "Because Collins could have appealed from his child-victim-predator classification but did not, res judicata bars him from now attempting to challenge his classification and the procedure by which he was classified." *Id.* at ¶ 14.

{¶10} In this case, the trial court's order classifying Mr. Dye as a habitual sexual offender was final and appealable. The state did not appeal the trial court's judgment, and this court denied Mr. Dye's motion to file a delayed appeal. Therefore, both parties are barred by res judicata from challenging the habitual sexual offender classification at this point.

{¶11} The state protests that Mr. Dye's habitual sexual offender classification was void, and therefore the trial court enjoyed the right to vacate it and enter a proper classification. We disagree. First, the habitual sexual offender classification was not part of Mr. Dye's sentence, and therefore, it could not constitute a void sentence. Second, the trial court possessed subject matter jurisdiction under former R.C. 2950.09(E) to determine whether Mr. Dye was a habitual sexual offender; the court simply erred in the exercise of that jurisdiction by classifying him incorrectly. Therefore, the initial classification order was voidable, not void, and since neither party appealed, res judicata precludes the state from raising the error now. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10, 24 ("There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it."); *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19 ("If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a

judgment to be voidable rather than void."); *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-11 (Subject matter jurisdiction is the power to hear and decide a case on its merits; it is only when the trial court lacks subject matter jurisdiction that its judgment is void.); *WBCMT 2007-C33 Office 7870 v. Breakwater Equity Partners, LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 8-9 (1st Dist.) (distinguishing between subject matter jurisdiction and jurisdiction over the case). The state's theory on a lack of subject matter jurisdiction would pose grave risks to the integrity of criminal convictions and sentences if parties (either the defendant or the state) could years, even decades, later cry foul over mistakes that should have been timely appealed.

{¶12} The appropriate path for a party desiring to belatedly challenge such a result would be to file an appropriate post-judgment motion under the civil rules. *See Megarry*, 2018-Ohio-4242, 122 N.E.3d 220, at ¶ 22 ("[A] trial court retains jurisdiction to modify the judgment under the appropriate civil rules."). But the state did not avail itself of that option in this case, and we express no opinion on the merits of that approach today.

{¶13} We accordingly sustain Mr. Dye's first assignment of error. Based on that result, we find his second assignment of error (regarding the merits of the sexual predator classification) moot, and we therefore do not address it. The judgment of the trial court classifying Mr. Dye as a sexual predator is reversed and this cause is remanded with instructions to the trial court to vacate its "amended sentencing entry" classifying Mr. Dye as a sexual predator. We point out that the original order classifying Mr. Dye as a habitual sexual offender is still in place and that he is required to continue to comply with the terms of that order.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **CROUSE, J.,** concur.

6

Please note:

  The court has recorded its own entry this date.

