[Cite as *State v. Wallace*, 2020-Ohio-3959.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                            :          APPEAL NO. C-190043
                                                     TRIAL NO. B-9606471
    Plaintiff-Appellee,               :

 vs.                                       :          *O P I N I O N.*

JOEL WALLACE,                             :

    Defendant-Appellant.              :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: August 5, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Anzelmo Law* and *James A. Anzelmo*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} On February 26, 1997, defendant-appellant Joel Wallace pleaded guilty to aggravated burglary and rape. He was sentenced on March 26, 1997, to an aggregate sentence of 14 years in prison. In a sentencing addendum entered on March 27, 1997, he was adjudicated a sexual predator under former R.C. Chapter 2950, Ohio's version of Megan's Law. As a sexual predator, Wallace is required to register every 90 days for life. He was notified of his registration duties, but he refused to sign the notification form. His counsel did sign the form. This court overruled Wallace's motion to file a delayed appeal on November 30, 1998, and again on April 2, 2004.

{¶2} The trial court sua sponte docketed an entry on June 1, 2010, which ordered Wallace's return for resentencing. On July 15, 2010, the trial court held a new sentencing hearing to correctly notify Wallace of postrelease control.[1] At the new sentencing hearing, the trial court told Wallace that the resentencing did not affect his sexual-predator classification and that he "would still be a sexual predator for the registration requirements." The new sentencing entry, which was entered on July 22, 2010, imposed the original sentence, credited Wallace with time served, and notified him of postrelease control. It did not include any mention of the 1997 sexual-predator classification. This court affirmed that judgment on May 25, 2011.

{¶3} On December 12, 2018, Wallace filed a motion entitled "Rule 32 ineffective assistance of counsel," in which he stated that a failing-to-register charge against him had been dismissed on November 1. Apparently, that filing prompted

---

[1] Under the law at the time of the July 15, 2010 hearing, the trial court was required to hold a full resentencing hearing to correct postrelease-control notification. *See State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (where the court fails to notify the offender of postrelease control, the sentence is void, the sentence must be vacated, and the cause must be remanded for a new sentencing hearing), *overruled, State v. Harper*, Slip Opinion No. 2020-Ohio-2913 (holding that where the court had jurisdiction to act, any error in the imposition of postrelease control renders the sentence voidable, not void).

the trial court in this case to issue on January 8, 2019, a nunc pro tunc order stating that Wallace had been adjudicated a sexual predator on March 27, 1997. Although the nunc pro tunc order is not clear, it appears that the court was entering the order nunc pro tunc to its July 22, 2010 resentencing order, which did not include any mention of Wallace's 1997 sexual-predator classification. Wallace has appealed from the nunc pro tunc order.

{¶4} Wallace's sole assignment of error states, "The doctrine of laches barred the trial court from issuing a nunc pro tunc entry on January 8, 2019[,] to indicate that Wallace was adjudicated a sexual predator."

{¶5} Sex offender classifications under Megan's Law were civil and remedial, and they did not constitute part of the sentence imposed for the sexual offense. *State v. Dye*, 1st Dist. Hamilton No. C-180624, 2019-Ohio-5111, ¶ 6, citing *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 30, 36-37, and *State ex rel. Culgan v. Collier*, 132 Ohio St.3d 394, 2012-Ohio-2916, 972 N.E.2d 579, ¶ 1. Classification as a sexual offender under Megan's Law was a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing. *State ex rel. Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, ¶ 17.

{¶6} "Although sex offender classifications under Megan's Law are civil, remedial, and separate from the criminal conviction and sentence, they are final orders under R.C. 2505.02(B) that cannot be revisited once they are journalized." *State v. Megarry*, 2018-Ohio-4242, 122 N.E.3d 220, ¶ 4 (4th Dist.); *see State ex rel. Culgan*, citing *State v. Sparks*, 9th Dist. Summit No. 25320, 2011-Ohio-3245, ¶ 8 (a sex-offender classification constitutes a final, appealable order even when the sentencing entry itself is not a final, appealable order for lack of compliance with Crim.R. 32(C)), and *State v. Gibson*, 2d Dist. Champaign No. 2009 CA 47, 2010-

3

Ohio-3447, ¶ 25 (an appeal from a sex-offender classification is legally distinct from an appeal from the underlying sentence); *see also State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 12. Sex-offender classifications under Megan's Law are separate and distinct from the criminal conviction and sentence. *State v. Straley*, 4th Dist. Highland No. 13CA30, 2014-Ohio-5110, ¶ 10; *State v. Sturgill*, 2017-Ohio-2736, 90 N.E.3d 44, ¶ 22 (4th Dist.); *State v. Cortez*, 5th Dist. Licking No. 17-CA-35, 2017-Ohio-8154.

{¶7} Because Megan's Law classifications are not part of the sentence, they are not affected by any defect in postrelease-control notification. An appeal from a sex-offender classification under Megan's Law is legally distinct from an appeal regarding the defendant's underlying sentence. *Gibson* at ¶ 25. Regardless of whether postrelease control was validly imposed, the defendant's sexual-predator status would not be affected. *Id.* at 21. Even if an error renders the postrelease-control portion of the defendant's sentence void, the defendant's classification as a sexually-oriented offender is not affected. *State v. Pearson*, 2d Dist. Montgomery No. 23974, 2011-Ohio-245; *State v. Gimbrone*, 2d Dist. Montgomery No. 23810, 2011-Ohio-632. Where resentencing is required due to an error in the imposition of postrelease control, the trial court is not authorized to address the defendant's previously-imposed sex-offender classification. *State v. Bell*, 8th Dist. Cuyahoga No. 95719, 2011-Ohio-1965, quoting *Gibson* and citing *Gimbrone*. The vacation of a sentence does not result in the vacation of a legally distinct sex-offender classification. *Sparks* at ¶ 8. The trial court has no authority to revisit the prior, and legally distinct, sex-offender classification because the matter is again before it for resentencing to correct the lone matter of the proper imposition of postrelease control. *Id.* at ¶ 9.

{¶8} In this case, no appeal was taken from the order imposing Wallace's original sex-offender classification. When the trial court brought Wallace back for resentencing to notify him of postrelease control, it had no authority to address the valid sexual-predator classification. The 1997 sexual-predator classification was still in effect. At the resentencing hearing, the trial court correctly told Wallace that he was still classified as a sexual predator and subject to the registration requirements. At some point following the resentencing, some confusion arose on Wallace's part as to his classification status. While of no real legal effect (because Wallace's 1997 sexual-predator classification was always valid and in force), the court's January 8, 2019 nunc pro tunc order was the court's attempt to clear up the confusion surrounding Wallace's classification status. We surmise that the court wanted to make sure that Wallace understood that his 1997 sexual-predator classification and its accompanying registration requirements were still in effect.

{¶9} Because Wallace's 1997 sexual-predator classification was valid and remained in effect, the assignment of error is overruled and the judgment of the trial court is affirmed. The 1997 order classifying Wallace as a sexual predator is still in place, and he is required to comply with the terms of that order.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry this date.